## UNITED STATES *v.* ROSE.*

*(Circuit Court, S. D. Ohio.  March 7, 1881.)*

1. FEDERAL JURIES—TALESMEN—ACT OF JUNE 30, 1879—REV. ST. § 804 —CONSTRUCTION.

    The act of congress of June 30, 1879, prescribing the mode in which juries shall be drawn in the United States courts, did not, either expressly or impliedly, repeal section 804 of the Revised Statutes; and therefore when, from challenges or otherwise, there is not a petit jury to determine any cause, the court may direct the marshal to fill the panel from the bystanders.

Motion for New Trial.

The defendant was indicted for violation of the internal revenue law.  When the case was called for trial, and a jury was being empanelled, the defendant, in the exercise of his right of challenge, challenged from the jury some of the jurors who had been regularly drawn and summoned as jurors for the term.  To fill the vacancies occasioned by these challenges the court directed the marshal to fill the panel by calling persons from the bystanders.  The defendant objected to this, and demanded that the panel should be filled by persons whose names should be drawn by the clerk and jury commissioner, as provided in the second section of the act of June 30, 1879, (21 St. at Large, 43.)  But the court overruled this objection, and the panel was filled by persons called by the marshal from the bystanders, and the trial progressed and the jury returned a verdict of guilty against the defendant.  Thereupon the defendant moved the court for a new trial, assigning as a reason therefor the error of the court in causing the panel to be filled from the bystanders.

*T. C. Campbell* and *H. B. Banning*, for motion.

*Channing Richards*, Dist. Att'y; *contra*.

SWING, D. J.  The language of section 2 of the act of June 30, 1879, in regard to the manner in which juries shall be selected, is: "And that all such jurors, grand and petit, including those summoned during the session of the court, shall be

* Reported by Messrs. Florien Giauque and J. C. Harper, of the Cincinnati bar.

publicly drawn from a box containing at the time of each drawing the names of not less than 300 persons possessing the qualifications prescribed in section 800 of the Revised Statutes, which names shall have been placed therein by the clerk of such court, and a commissioner to be appointed by the judge thereof, which commissioner shall be a citizen of good standing, residing in the district in which such court is held, and a well-known member of the principal political party in the district in which the court is held, opposing that to which the clerk may belong; the clerk and said commissioner each to place one name in said box alternately, without reference to party affiliations, until the whole number required shall be placed therein." This act in terms repeals sections 800, 801, 820, and 821 of the Revised Statutes of the United States.

Section 804 of the Revised Statutes of the United States provides: "When from challenges or otherwise there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel." This section is not repealed in terms by the act of June 30, 1879, nor do we think it is repealed by implication. The language of the latter law is that "all such jurors, grand and petit, including those summoned during the session of the court, shall be publicly drawn from a box," etc. The calling of jurymen from the bystanders sufficient to complete a panel, under the order of the court, is not a summoning of jurors in the sense in which the term "summoned" is used in the act of June 30, 1879. They cannot, therefore, be said to be in conflict with each other. Besides, if such were the construction, the inconvenience and delays to the court in the transaction of business would be incalculable. The person whose name may be drawn from the box by the clerk and jury commissioner may reside 150 miles from the place where we are holding court. This would involve a delay for a time sufficient to enable the marshal to summon such person and to enable him to come to the place where the court is held. It

certainly was not in contemplation of congress that a construction working such inconvenience should be given to the law.

We think the language of the act of June 30, 1879, and, particularly so when taken in connection with section 804 of the Revised Statutes, will not authorize the construction claimed for it by defendant's counsel, and that, wherever by reason of challenge there is not a petit jury, it is within the province of the court to direct the marshal to complete the panel by calling a sufficient number of jurymen from the bystanders.

The motion for new trial will be overruled.