## MOOREHEAD et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 29, 1921.)

No. 3557.

1. **Jury ⟜70(11)—May be summoned by marshal after discharge of regular panel.**

Notwithstanding Judicial Code, § 276 (Comp. St. § 1253), providing for public drawing from the jury box of all jurors, including those summoned during the session of the court, the jurors for the trial of a criminal case may be selected and summoned by the marshal in the manner prescribed by section 280 (Comp. St. § 1257), after the regular panel was discharged because they had heard the evidence in a prior case involving substantially the same facts.

2. **Criminal law ⟜711—Limiting argument to one hour held not abuse of discretion.**

On the trial of a criminal case, where counsel for defendants had stated they preferred to finish the case that night, it was not an abuse of discretion for the court to limit the argument to one hour to the side, after which it was nearly midnight when the case went to the jury.

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law �köö260(6)—Acquittal of crime does not bar prosecution for conspiracy to commit it.**

An acquittal of the charge of stealing goods in an interstate shipment does not bar a subsequent prosecution for conspiracy to commit that offense where the overt act alleged was the taking of the same goods as charged in the preceding indictment, since proof that defendant actually participated in the theft is not essential to conviction for conspiracy, as it was to conviction for the theft.

**4. Criminal law ⊃195(1)—Former acquittal unavailing, unless offenses are identical.**

The plea of former acquittal is unavailing to defendant, unless the offense charged in the previous prosecution was precisely the same in law and in fact as in the present charge.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

George L. Moorehead and another were convicted of conspiracy, with five other persons, to steal goods which were parts of interstate shipments, and they bring error. Affirmed.

J. A. Teat, of Jackson, Miss., for plaintiffs in error.
Julian P. Alexander, U. S. Atty., of Jackson, Miss.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. The two plaintiffs in error, George L. Moorehead and J. P. Shackelford, were convicted on a count of the indictment charging them and five other persons with conspiring, on or about the 15th day of November, 1918, to steal goods and chattels which were parts of interstate shipments of freight, and that, to effect the object of the conspiracy, the seven persons joined in the indictment stole whisky from a certain railway car, to wit, Pennsylvania car No. 50993, alleged to be the property of a named railroad company, then and there moving as and constituting a part of a described interstate shipment of freight.

[1] This case was one of several connected with or growing out of an alleged theft of whisky from a railroad car at Tchula, Miss. After the jury which tried one of those cases had retired on Friday, the court ordered the discharge of the two regular panels of jurors in attendance, and directed the marshal to summon a sufficient number of petit jurors for the following Monday, the day on which this case was to be called for trial. All the jurors constituting the regular panels were present in the courtroom during the trial of the case which went to the jury on Friday, the facts of which, were quite similar to those of this case. The defendant challenged the array of jurors returned by the marshal in pursuance of the court's order, moved to quash the special writ of venire facias under which they were brought into court, and that the court direct that a jury be drawn from the jury box. Exceptions were reserved to the action of the court in overruling those motions. Section 2762 of the Judicial Code provides for the public drawing from the jury box of all jurors, grand and petit, including those summoned during the session of the court.

⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 280 of the Judicial Code (Comp. St. § 1257) provides as follows:

"When, from challenges, or otherwise, there is not a petit jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court in which such defect of jurors happens, return jurymen from the bystanders sufficient to complete the panel; and when the marshal or his deputy is disqualified as aforesaid, jurors may be so returned by such disinterested person as the court may appoint, and such person shall be sworn, as provided in the preceding section."

It is contended that the last-quoted provision is not applicable when, as a result of the discharge of the regular panel of petit jurors summoned, no part of it remains in attendance. That section provides a quick method of supplying jurors when from any cause whatsoever, though jurors had been summoned as provided in section 276 (Comp. St. § 1253), "there is not a petit jury to determine any civil or criminal case." Such lack of a jury is a consequence of the action of the court in discharging the panel or panels regularly summoned. Nothing in the language used indicates an intention to make the provision inapplicable when the lack of a jury is so occasioned. The purpose to prevent inconvenience and delay would be defeated by holding the provision to be inapplicable to such a situation as the one in question. We think the above set out statute authorized the court to have a jury supplied in the manner adopted. Lovejoy v. United States, 128 U. S. 171, 9 Sup. Ct. 57, 32 L. Ed. 389; United States v. Rose (C. C.) 6 Fed. 136.

[2] The action of the court in limiting the time allowed for argument to the jury is assigned as error. It was nearly 12 o'clock at night when the case went to the jury. The counsel in the case had agreed to conclude the case that night, and counsel for the defense had stated that they preferred to finish that night. It is not made to appear that the action of the court, under the circumstances mentioned, in allowing one hour to the side for argument of the case to the jury, was an abuse of discretion.

[3] The court ruled against a plea interposed by the defendant Shackelford, which set up in bar of the offense of which he was convicted in this case his previous acquittal by the verdict of the jury in a trial on an indictment charging him with stealing whisky on or about November 15, 1918, from Pennsylvania car No. 50993. A theft of whisky by the defendants in the instant case from the same car on the same date was the overt act alleged in the count on which the plaintiffs in error were convicted. The offense charged in the instant case is not one of which Shackelford was alleged to have been acquitted.

[4] A plea of former acquittal is unavailing, unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea. Burton v. United States, 202 U. S. 344, 380, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Kelly v. United States, 258 Fed. 392, 169 C. C. A. 408. The test of the identity of offenses is whether the same evidence is required to sustain them. Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153. In United States v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211, it was decided that a conspiracy, having for its object the commission

of an offense denounced by the Bankruptcy Act, is not in itself an offense arising under that act, within the meaning of section 29a thereof, and the one-year period of limitation prescribed by that section did not apply. The following is an extract from the opinion in that case:

"It is apparent from a reading of section 37, Criminal Code (section 5440, Rev. Stat.), and has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. Callan v. Wilson, 127 U. S. 540, 555; Clune v. United States, 159 U. S. 590, 595; Williamson v. United States, 207 U. S. 425, 447; United States v. Stevenson (No. 2) 215 U. S. 200, 203. And see Burton v. United States, 202 U. S. 344, 377; Morgan v. Devine, 237 U. S. 632. The conspiracy, however fully formed, may fail of its object, however earnestly pursued; the contemplated crime may never be consummated; yet the conspiracy is none the less punishable. Williamson v. United States, supra. And it is punishable as conspiracy, though the intended crime be accomplished. Heike v. United States, 227 U. S. 131, 144. Nor do we forget that a mere conspiracy, without overt act done in pursuance of it, is not criminally punishable under section 37, Criminal Code. United States v. Hirch, 100 U. S. 33, 34; Hyde v. Shine, 199 U. S. 62, 76; Hyde v. United States, 225 U. S. 347, 359. There must be an overt act, but this need not be of itself a criminal act; still less need it constitute the very crime that is the object of the conspiracy. United States v. Holte, 236 U. S. 140, 144; Joplin Mercantile Co. v. United States, 236 U. S. 531, 535, 536. Nor need it appear that all the conspirators joined in the overt act. Bannon v. United States, 156 U. S. 464, 468. A person may be guilty of conspiring although incapable of committing the objective offense. Williamson v. United States, supra; United States v. Holte, supra."

The following was said in the opinion in Joplin Mercantile Co. v. United States, 236 U. S. 531, 535, 35 Sup. Ct. 291, 293 (59 L. Ed. 705):

"It is true, as held in Hyde v. Shine, 199 U. S. 62, 76, and Hyde v. United States, 225 U. S. 347, 359, that a mere conspiracy, without overt act done to effect its object, is not punishable criminally under section 37 of the Criminal Code. But the averment of the making of the unlawful agreement relates to the acts of all the accused, while overt acts may be done by one or more less than the entire number, and although essential to the completion of the crime, are still, in a sense, something apart from the mere conspiracy, being 'an act to effect the object of the conspiracy.'"

To sustain the charge made against Shackelford by the count on which he was convicted, it was not necessary to prove his participation in the theft of which he was acquitted. All that was required to sustain that charge was proof that the defendants conspired as alleged, and that, to effect the object of the conspiracy, any one of them committed or participated in the theft alleged. The plea under consideration amounted to the assertion by the defendant Shackelford that he was not subject to be convicted of the alleged conspiracy because he had been acquitted of another and different offense not necessary to be proved to sustain the conspiracy charge. We are of opinion that that plea was bad because the former acquittal it set up was of an offense other than the one charged in the instant case, the same evidence not being required to sustain both charges. There was not the required identity between the offense presently charged and the one which was the subject of the alleged acquittal. The fact that both charges related to and grew out of one transaction made no difference.

Carter v. McClaughry, 183 U. S. 365, 394, 22 Sup. Ct. 181, 46 L. Ed. 236.

The record does not show any reversible error. The judgment is affirmed.