## SINGLETON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 4, 1923.)

No. 4034.

1. **Criminal law** ⟨⟩196—**Former jeopardy; offenses not identical, when defendant may be guilty of one and innocent of the other.**

Two offenses are not identical, so as to sustain a plea of former jeopardy, where defendant may have been innocent of the first and guilty of the second.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Criminal law ⬤⇒196—Former jeopardy; acquittal of stealing money from mails not a bar to prosecution for knowingly having possession.**

An acquittal on a charge of stealing money from the mails is not a bar to a prosecution of defendant for having the same money in his possession, knowing it to have been stolen from the mails.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Criminal prosecution by the United States against Ben F. Singleton. Judgment of conviction, and defendant brings error. Affirmed.

Leander A. Dale, of El Paso, Tex., for plaintiff in error.

H. R. Gamble, Sp. Asst. Atty. Gen. (John D. Hartman, U. S. Atty., of San Antonio, Tex., and N. J. Morrison, Asst. U. S. Atty., and H. R. Gamble, Sp. Asst. U. S. Atty., both of El Paso, Tex., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. The plaintiff in error, who is hereafter designated as defendant, was indicted, tried, and convicted in the District Court of the United States, at El Paso, for the offense of having in his possession money that had been stolen from the United States mail, knowing it to have been so stolen, while he had it in possession. He complains of his conviction upon the sole ground that he had been previously put in jeopardy for the same offense, and acquitted thereof, at Lake Charles, in the Western district of Louisiana. He presented the issue by a plea of former jeopardy, which was disallowed by the District Court, and by a charge that requested his acquittal because of his previous acquittal of the same offense, which was denied by the District Court. Errors are assigned, based on each ruling of the District Court, and involve the question as to whether the offense, of which he was acquitted at Lake Charles, was the identical offense for which he was convicted at El Paso.

At Lake Charles he was tried for the actual theft of the money, which he was convicted of possessing with knowledge of its stolen character upon the trial at El Paso. Assuming that the identity of the money was established, the question remains whether the offenses were the same. If they were, the conviction should be set aside; otherwise, it must stand.

[1] In the case of Moorehead v. U. S., 270 Fed. 210, this court said:

"A plea of former acquittal is unavailing, unless the offense presently charged is precisely the same in law and fact as the former one relied on under the plea [citing cases]. The test of the identity of offenses is whether the same evidence is required to sustain them."

In that case the defendant Shackelford was charged with conspiracy to steal, and had been previously acquitted of the actual theft. The court said further:

"To sustain the charge made against Shackelford by the count on which he was convicted, it was not necessary to prove his participation in the theft, of which he was acquitted."

In this case, the defendant Singleton had been acquitted of participation in the actual theft. To sustain the charge of criminal possession of the money the government was not required to prove defendant's participation in the theft. Singleton's guilt of the second offense, for which he was tried, was the same, whether he stole the money, or whether he merely received it with guilty knowledge from the thief. Upon his trial for criminal possession, the government was required to show that the money had been stolen from the mails by some one; but was not required to show that Singleton stole it. On the trial at Lake Charles, the government was required to show, not only a theft, but that Singleton was the thief. He might well be innocent of the theft, and guilty of the criminal possession. If the two offenses were identical, he could not be guilty of one and innocent of the other. He would have to be guilty of both or innocent of both. The fact that both offenses arose from the same transaction is not necessarily determinative of their legal identity. If a burglar commits murder to help his crime, the fact that both crimes arose out of one transaction does not keep him from being guilty of both, and is no answer to a double prosecution. Removal of the mail sack from the possession of the government by Singleton was the gist of the first prosecution. It was not necessary for the government to connect Singleton with its removal on the second prosecution. The principal element of the first offense was not an element at all in the second. Crimes do not admit of legal identity, of which this can be predicated.

[2] The contention of the defendant that as an element of the second offense he was charged with stealing the money is erroneous. Theft of the money, but not theft by him, was an element in the second offense. The crime could have been as well proven by evidence that it was stolen by others. The indictment permitted such proof. The offense for which Singleton was convicted was a separate offense from that of which he had been previously acquitted. His plea of former jeopardy and former acquittal was bad, and his requested charge properly denied. Moorehead v. U. S. (C. C. A.) 270 Fed. 210; Kelly v. U. S., 258 Fed. 392, 169 C. C. A. 408; Burton v. U. S., 202 U. S. 344, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Carter v. McClaughry, 183 U. S. 365, 22 Sup. Ct. 181, 46 L. Ed. 236.

The judgment of the District Court is affirmed.