## BELL et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 3, 1924.)

### No. 6737.

**1. Conspiracy ⬅24—Overt act no part of "conspiracy."**

A "conspiracy" to commit crime under Penal Code, § 37 (Comp. St. § 10201), is a substantive offense, completed by the unlawful agreement; the overt act being no part of the conspiracy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**2. Conspiracy ⬅43(5)—Allegation of overt act material.**

Overt acts, which in themselves are substantive offenses, are material allegations in an indictment charging conspiracy to commit such acts.

**3. Conspiracy ⬅23—Proof of overt act alone not sufficient.**

Proof of overt act alone will not warrant conviction for conspiracy, which requires proof of both overt act and unlawful agreement.

**4. Criminal law ⬅200(6)—Acquittal of conspiracy no bar to conviction under counts charging overt acts as specific offenses.**

Where overt acts charged are substantive offenses specifically denounced by statute, an acquittal on conspiracy count does not prevent conviction on counts charging such acts as offenses.

**5. Criminal law ⬅1167(2)—Where punishment did not exceed maximum authorized under one count, errors relating to another count not reversible.**

In prosecution for sale and possession of liquor, where sentence of imprisonment imposed under count charging sale did not exceed maximum punishment therefor, errors involving the count for possession are not reversible.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Louie Bell and Velma Houston were convicted of unlawful sale and possession of liquor, and they bring error. Affirmed.

King & Schulder and Creighton G. King, all of Salt Lake City, Utah, for plaintiffs in error.

Charles M. Morris, U. S. Atty., of Salt Lake City, Utah (Edward M. Morrissey, Asst. U. S. Atty., of Salt Lake City, Utah, on the brief), for defendant in error.

Before LEWIS, Circuit Judge, and MUNGER and MILLER, District Judges.

MILLER, District Judge. The plaintiffs in error, Louie Bell and Velma Houston, were jointly indicted under three counts.

The first count charged the plaintiffs in error with violation of section 37 of the Penal Code (Comp. St. § 10201), in that they did unlawfully, willfully, and feloniously conspire to violate the National Pro-
hibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by agreeing to sell intoxicating liquor, to wit, whisky, in violation of said act. Two overt acts are alleged: (1) The sale of one pint of whisky on the 24th day of December, 1923, to Mrs. R. H. Lewis for the sum of $3; and (2) the unlawful possession at the Colonial Hotel in Salt Lake City of large quantities of intoxicating liquor, to wit, whisky.

The second count charged the sale of the liquor to the same person at the same time and place as the first overt act charged in the first count of the indictment.

The third count charged the second overt act, namely, the unlawful possession of the liquor mentioned in the first count of the indictment.

The jury returned a verdict of not guilty on the first count and guilty as to the second and third counts.

Plaintiff in error Velma Houston was sentenced to serve four months, and plaintiff in error Louie Bell two months, in the county jail of Salt Lake county, state of Utah.

Twenty-nine errors are assigned. Only two require our consideration. The twenty-ninth assignment, that "the court erred in pronouncing any sentence or judgment on said defendants, or either of them," is strenuously urged. It is contended that the verdict of acquittal on the first count necessarily acquitted them on the second and third counts, because the specific charge in counts 2 and 3 are the identical overt acts charged in the first count, and therefore the verdict of not guilty as to that count is res judicata of counts 2 and 3. Plaintiffs in error's argument is that inasmuch as the government elected to prosecute on a charge of conspiracy in which the identical offenses charged in counts two and three were charged as overt acts, and having failed to prove that charge, prosecutions for such offenses are barred and no lawful conviction thereof can be had. The argument is predicated on the thought that an acquittal on the charge of conspiracy amounts to a finding of not guilty on every material allegation contained in the indictment; that inasmuch as the offenses charged in counts 2 and 3 were material allegations contained in count 1, the verdict of not guilty was necessarily a finding of not guilty as to counts 2 and 3; that as to said counts, because of their acquittal on the conspiracy count, they had been in former jeopardy within the meaning of the Fifth Amendment to the Constitution and was also res judicata as to said counts.

[1] Some authorities may be found and some are cited by plaintiffs in error to sustain this contention. But the contrary rule is now too well settled, at least in the federal courts, to merit a lengthy discussion. A "conspiracy" to commit a crime is in itself a substantive offense denounced by statute and is completed by the unlawful agreement. The overt act is no part of the conspiracy. Stanley et al. v. U. S., 195 F. 896, 115 C. C. A. 584, wherein it is said:

"This offense does not consist of both the conspiracy and the acts done to effect the object of the conspiracy, but of the conspiracy alone. The provision of the statute that there must be an act done to effect the object of the conspiracy merely affords a locus penitentiæ, so that before the act is done either one or all of the parties may abandon their design, and thus avoid the penalty prescribed by the statute."

[2, 3] Overt acts may be, and in this case, were, substantive offenses against the statutes of the United States. They were material allegations in the conspiracy count herein, incumbent upon the government to prove, but were not ingredients of the conspiracy itself. Proof of the overt acts alone would not warrant a conviction for conspiracy. That would require not only proof of the overt acts charged, or one of them, but proof of the unlawful agreement, and the jury might well, and in this case evidently did, find that the government had proved the overt acts charged but fell short of proving the unlawful agreement that would constitute the crime of conspiracy.

[4] When the overt acts charged in a conspiracy count are substantive offenses specifically denounced by statute, an acquittal under the conspiracy count does not prevent a prosecution or conviction on counts charging such acts as offenses. See Kelly et al. v. U. S., 258 F. 392, 169 C. C. A. 408; Bens v. U. S. (C. C. A.) 266 F. 152; Moorehead v. U. S. (C. C. A.) 270 F. 210, and Harris v. U. S. (C. C. A.) 273 F. 785, in which certiorari was denied by the United States Supreme Court in 257 U. S. 646, 42 S. Ct. 55, 66 L. Ed. 414. .

In our opinion, therefore, the twenty-ninth assignment of error is not well taken.

The assignments of error as to the second count in the indictment all relate to the sufficiency of the evidence to sustain the verdict. We have read the record in the case. The evidence is in direct conflict; the government's witness testifying positively to the sale, the defendants and one other witness deny the same. We think there was sufficient evidence to submit the question to the jury, and that the court did not err in so doing. The evidence in our opinion sustains the verdict.

[5] The assignments of error relating to the third count are numerous, many of them going to the admissibility of certain testimony introduced by the government as well as challenging the sufficiency of the evidence as a whole to sustain the verdict on this count. But inasmuch as the sentence imposed by the court was a sentence of imprisonment, and therefore must have been imposed under the second count only, and it did not exceed the maximum punishment permitted under count 2, the errors assigned, if conceded to be well taken, do not constitute reversible error, and therefore do not require further consideration. Noble v. U. S. (C. C. A.) 300 F. 689.

In view of what we have already said, we are of the opinion that the case should be, and is, affirmed.