## HILT v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1926.)

No. 4659.

1. **Conspiracy ☞43(6)—Indictment for conspiracy to possess liquor held sufficient (National Prohibition Act, tit. 2, § 33 [Comp. St. Ann. Supp. 1923, § 10138½t]).**

An indictment for conspiracy to possess liquor "with intent to transport without a permit" sufficiently charges that the intended possession was unlawful, under National Prohibition Act, tit. 2, § 33 (Comp. St. Ann. Supp. 1923, § 10138½t).

2. **Criminal law ☞200(6)—Conviction for possession not bar to prosecution for conspiracy to possess, nor for unlawful transportation.**

Conviction on plea of guilty for unlawful possession of liquor is not bar to prosecution for conspiracy to unlawfully possess the liquor, nor for its unlawful transportation.

3. **Criminal law ☞395—Intoxicating liquors ☞249—Search without warrant of vessel, stated by master to be loaded with liquor, held not illegal, and liquor seized admissible in evidence.**

Search without a warrant, of a vessel stated by its master to be loaded with liquor, and with his consent, was not illegal, and the liquor seized was admissible in evidence against him.

4. **Conspiracy ☞47—Evidence held to sustain conviction of conspiracy to possess and transport liquor.**

Under an indictment for conspiracy to unlawfully possess and transport liquor, proof that defendants had the liquor on board a vessel within the territorial waters of the state, and that on sighting a revenue cutter they attempted to escape outside such waters, held sufficient to show the purpose of the conspiracy.

Foster, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Criminal prosecution by the United States against W. T. Hilt. Judgment of conviction, and defendant brings error. Affirmed.

W. K. Zewadski, Jr., and Jo. Johnson, both of Tampa, Fla., for plaintiff in error.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., and A. W. Henderson, Sp. Asst. Atty. Gen. (N. J. Morrison and H. R. Gamble, Sp. Asst. Attys. Gen., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an indictment in three counts against W. T. Hilt and several other defendants. The first count charges a conspiracy to possess with intent to transport without a permit 518 packages of intoxicating liquor. The overt act alleged, to carry into effect the object of the conspiracy, is that the defendants navigated the yacht Sarahmac from a place unknown to a point near Indian Pass, in the Southern district of Florida. The second count charges the unlawful possession, and the third count the unlawful transportation, without a permit, of the intoxicating liquor described in the first count. Hilt was tried separately, and convicted on the first and third counts.

A demurrer on the general grounds that the indictment was vague and indefinite was overruled. An unverified plea that defendant had pleaded guilty to the charge contained in the second count and had been fined, and that therefore he had been in former jeopardy, was also overruled, but at the trial the government abandoned that count.

There was evidence for the government to the following effect: The revenue cutter Arrow was proceeding south in the Gulf of Mexico, when the yacht Sarahmac was sighted going north about 2 miles off Indian Pass and within the 3-mile limit. The Sarahmac abruptly changed her course to the west, was pursued by the Arrow, and overtaken at a point less than 12 miles from the Florida coast. J. B. Cooper, a deputy collector of customs, was on board the Arrow, and as that boat came alongside the Sarahmac inquiry was made as to what cargo the Sarahmac had. Defendant Hilt replied, "Liquor." Cooper then stated he was a customs officer, and received permission from Hilt to go on board the Sarahmac. Hilt stated that he had been navigating the boat for one Hamilton, who was master, but was sick. The cargo consisted entirely of the liquor described in the indictment. It was seized and received in evidence at the trial, over defendant's objection that the seizure was illegal because the customs officer had no search warrant.

Complaint is made here that the court erred in overruling the demurrer and the plea of former jeopardy, in admitting in evidence the liquor which had been seized without a search warrant, and in refusing to direct a verdict for defendant.

[1] We are of opinion that the indictment sufficiently charges the offenses of which defendant was convicted. The first count charges a conspiracy to possess intoxicating liquor with intent to transport it without a permit. The possession contemplated is thus taken out of the protection of section 33 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½t), and is alleged to be for an unauthorized and unlawful purpose. The third count charges in an unexceptionable manner the substantive offense of transportation without the required permit.

[2] Defendant's plea of guilty to the charge of illegal possession contained in the second count did not preclude the government from proceeding to trial on his pleas of not guilty to the first and third counts. There is no suggestion that the government took advantage of defendant, or led him to believe that a trial would not be had upon the counts to which the plea of not guilty was entered. Of course, it is not true, as contended, that a conspiracy to commit an offense is in legal effect the same thing as the substantive offense itself. Moorehead v. United States (C.

C. A.) 270 F. 210. Nor can it be denied that the unlawful possession and the unlawful transportation of liquor are distinct and separate offenses.

[3] It was not error to receive in evidence the liquor seized, although the officer seizing it was not armed with a search warrant. According to the government's evidence, the search was made after defendant's admission that the cargo he carried was liquor, and after he had given permission to search. A warrant is unnecessary where the search takes place after admission of a fact under circumstances that tend to show the law is being violated, and by consent of the party entitled to object. Besides, it seems that it was unnecessary to introduce the seized liquor in evidence, as defendant had already confessed by his plea to the second count that he was guilty of the unlawful possession of it.

[4] The evidence was sufficient to prove the charge of conspiracy. Proof of what conspirators do is usually in the nature of things the only proof available to the prosecution of what they agreed to do. Murry v. United States (C. C. A.) 282 F. 617. The Sarahmac, in charge of Hilt and the other defendants, was transporting liquor within the territorial waters of Florida, and upon discovery made an attempt to escape. It was a fair inference that it was the intention of the defendants to carry the liquor ashore in the immediate vicinity, and that they would have carried out that intention, except for the appearance and interference of the revenue cutter.

The case of Burns v. United States (C. C. A.) 296 F. 468, relied on by defendant, is not in point. There the government failed to prove the overt act charged, to the effect that liquor was brought from a point near Boca Grande to a point near Anclote Key. No evidence was adduced to show transportation from near Boca Grande, or that any act was committed within the jurisdiction of the trial court to effect the object of the conspiracy charged. Again, in that case the seizure was more than 4 leagues from the coast, while here it was made within 4 leagues, as authorized by R. S. § 2814 (Comp. St. § 5511). Whether a seizure under that section is authorized to be made beyond the 4-league limit without a search warrant is not involved in this case.

The judgment is affirmed.

FOSTER, Circuit Judge, dissents.