## STEIGLEDER v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
April 16, 1928.

No. 7907.

**1. Criminal law ⬤⟲10—No common-law crimes are cognizable in federal courts, and conspiracy to violate federal laws is purely statutory offense (Criminal Code, § 37 [18 USCA § 88]).**

There are no common-law crimes cognizable in federal courts, and conspiracy to violate laws of United States, denounced by Criminal Code, § 37 (18 USCA § 88), is a purely statutory offense.

**2. Conspiracy ⬤⟲27—Overt act in conspiracy against laws of United States need not be successful, completed, substantive act or offense (Criminal Code, § 37 [18 USCA § 88]).**

The gravamen of conspiracy to violate laws of United States, denounced by Criminal Code, § 37 (18 USCA § 88), is the formation of a conspiracy or agreement to commit an offense against the United States, coupled with the doing of any act to effect object thereof, which need not be a successful completed, substantive act or offense.

**3. Criminal law ⬤⟲1209—Conviction for conspiracy to violate banking laws, based on same overt acts charged as substantive offenses, held not to present case of "double punishment" (Criminal Code, § 37 [18 USCA § 88]; 12 USCA § 592).**

That same acts charged in indictment as constituting overt acts in conspiracy, under Criminal Code, § 37 (18 USCA § 88), to violate

Rev. St. § 5209 (12 USCA § 592), were also charged as separate substantive offenses, held, not to make conviction thereunder objectionable as double punishment, since offenses, though based on same facts, were distinct in law and involved different kinds of proof.

In Error to the District Court of the United States for the Northern District of Oklahoma; Franklin E. Kennamer, Judge.

Roy L. A. Steigleder was convicted of conspiracy to violate provisions of national banking laws of the United States, and of substantive violations of same laws, and he brings error. Affirmed.

T. L. Blackmore, of Sapulpa, Okl., for plaintiff in error.

John M. Goldesberry, U. S. Atty., and W. B. Blair, Asst. U. S. Atty., both of Tulsa, Okl.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

SYMES, District Judge. The indictment in this case contains 17 counts. The first count charges Steigleder, the plaintiff in error, defendant below, and others, with conspiring (18 USCA § 88; Criminal Code, § 37) to violate various provisions (section 592 of title 12, USCA; R. S. § 5209) of the national banking laws of the United States. Sixteen overt acts are set forth in this count. Sixteen additional counts, 2 to 17, inclusive, charge each overt act as a separate, substantive violation of the same statute.

At the close of the trial the court dismissed counts 4, 5, 6, 8, 10, 11, 12, 15, and 16, and submitted counts 1, 2, 3, 7, 9, 13, 14, and 17 to the jury, which, after due deliberation, convicted Steigleder on all the counts submitted. Thereupon the court sentenced him on count 1 to a year and a day in the federal penitentiary, and a fine of $2,500, and further sentenced him to five years in the penitentiary and a fine of $100 on each of counts 2, 3, 7, 9, 13, 14, and 17; the sentences on the latter counts to run consecutively with count 1.

There are five assignments of error in the record, presenting, however, but one question, to wit, double punishment. The acts charged as overt acts in aid of the conspiracy count are later charged separately in counts 2 to 17. Plaintiff in error asserts that the same criminal act, or offense, cannot be pleaded as an overt act in a conspiracy count, and also as a separate substantive offense. Or to put it another way: That the facts pleaded separately in counts 2 to 17, respectively, are the same that are pleaded collectively as overt acts in the conspiracy co nt, and that the

same evidence required to convict under any one of counts 2 to 17 will sustain a conviction under the conspiracy count.

[1-3] This proposition, variously stated, has been made many times before in the federal courts, and always rejected, and does not justify extended discussion. There are no common-law crimes cognizable in the federal courts and the conspiracy section referred to is purely a creature of statute. It in no sense is a combination of offenses, but a distinct and separate crime. The gravamen of the offense is the formation of a conspiracy, or agreement, to commit an offense against the United States, coupled with the doing of any act to effect the object thereof. This requires proof of the common understanding, and of an overt act done in furtherance thereof. But the act which must be done by one or more of the conspirators to effect the object of the conspiracy does not have to be a successful, completed, substantive act or offense. It need not be criminal in its nature. Manning v. U. S. (C. C. A.) 275 F. 29. An unsuccessful, or partial, attempt at a substantive offense is sufficient; so that the liability for conspiracy is not affected by its success or failure; that is, the full accomplishment of the objective. That is a matter of indifference as far as the government is concerned. Ryan v. U. S. (C. C. A.) 216 F. 13; Heike v. U. S., 227 U. S. 131 at 144, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

On the other hand, to secure a conviction of the substantive offenses set out in counts 2 to 17, the government was required to prove a completed crime. So it has been held that an acquittal under a conspiracy count is not inconsistent with a verdict of guilty under the counts charging the substantive offense, where the overt acts charged in the former are relied upon under the latter charge. Therefore the plea, autrefois acquit, to be availed of, must demonstrate that the offenses referred to are precisely the same in law and in fact, or, as said by Mr. Justice Harlan in Burton v. U. S., 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392, in adopting the language of Chief Justice Shaw: "The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact." Also Kelly v. U. S. (C. C. A.) 258 F. 392; Singleton v. U. S. (C. C. A.) 294 F. 890. And in this circuit see Bell v. U. S. (C. C. A.) 2 F.(2d) 543.

The contentions of plaintiff in error are decisively settled adversely to him by Morgan

v. Devine, 237 U. S. 632, 35 S. Ct. 712; 59 L. Ed. 1153, which holds that the test of identity of offenses when double jeopardy is pleaded, is whether the same evidence is required to sustain them, and if not, the mere fact that both charges relate to and grow out of one transaction does not make a single offense, where more than one is defined by the statute. As we have shown, the proof required to sustain the conspiracy charge in the instant case differs in amount and kind from that necessary to convict under the other counts. Therefore the principles of law above referred to are decisive, and dispose of this writ of error.

The judgment should be affirmed; and it is so ordered.