## BABB et al. v UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
June 4, 1928.

No. 8045.

1. **Criminal law ☞1069(6)—Defendants were not before reviewing court as matter of right, where writ of error was not filed within three months (28 USCA § 230).**

Where writ of error was not filed within three months, as provided by 28 USCA § 230, defendants were not before reviewing court as matter of right.

2. **Criminal law ☞1032(1)—Attack on indictment, made for first time in reviewing court, is too late.**

Attack on sufficiency of indictment, made for first time in reviewing court on writ of error, is too late.

3. **Conspiracy ☞47—Evidence held to warrant conviction of conspiracy to violate National Prohibition Act and of unlawful possession of liquor (27 USCA).**

Evidence held to warrant conviction for conspiracy to violate National Prohibition Act (27 USCA) and for unlawful possession of intoxicating liquor.

4. **Conspiracy ☞47—Conspiracy may be deduced from conduct of parties.**

Conspiracy may be deduced from the acts and conduct of the parties, and need not be shown by explicit verbal or written agreement or understanding.

5. **Conspiracy ☞41—If defendants participated in conspiracy, it was immaterial whether either committed overt act.**

If defendants were members of conspiracy, it was immaterial whether either of them committed an overt act.

In Error to the District Court of the United States for the Southern District of Iowa; Andrew Miller, Judge.

Joe Babb, Charles Noyes, and others were convicted of conspiracy to violate the National Prohibition Act and for unlawfully possessing intoxicating liquor, and named defendants bring error. Affirmed.

John L. Thompson, of Des Moines, Iowa, for plaintiffs in error.

Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa (Ross R. Mowry, U. S. Atty.,

of Newton, Iowa, and Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

SYMES, District Judge. The plaintiffs in error, Charles Noyes and Joe Babb, and five other defendants, were indicted in the United States District Court for the Southern District of Iowa. The first count charged a conspiracy to violate the National Prohibition Act (27 USCA); the second, possession of a large quantity of intoxicating liquor. The plaintiffs in error Babb and Charles Noyes, together with Raymond Noyes and W. R. Brown, were tried and convicted on both counts. While the citation and writ of error were issued in favor of Joe Babb and Charles Noyes, Charles Noyes is the only one who has filed a brief or appeared in this court.

[1] Judgment was entered on the 17th day of December, 1926, and plaintiffs in error given 90 days for their bill of exceptions. This time was later extended to May 8, 1927. The bill of exceptions was filed May 5, 1927, citation issued May 9, and writ of error May 19, 1927; not within the three months provided by statute (USCA tit. 28, § 230); so the parties are not here as a matter of right. Collins v. U. S. (8th C. C. A.) 24 F.(2d) 823.

[2] The nine errors assigned properly raise but one question; the sufficiency of the evidence to make a prima facie case of conspiracy, and did Charles Noyes commit any of the overt acts? The sufficiency of the indictment is attacked in this court for the first time. It is, of course, too late. We have, however, examined the same, and find no merit in the objections. The question stated requires a brief consideration of the evidence.

[3] The government's case is unfolded by the witness Cook, a farmer residing in Story county, Iowa, about 20 miles from Des Moines. He states that beginning in January, 1926, Charles Noyes and one or two others named as conspirators, began making occasional calls at his farm; that in April Charles Noyes and one Granger brought to his place a large quantity of alcohol, and asked permission to keep it there until it could be safely taken to town. Charles Noyes and one Reeves were again at the place with liquor a few weeks later, on which occasion they changed the license plates on the car. In May and June they likewise ap-

27 F.(2d)—6

peared with alcohol. On each of these occasions they offered Cook a drink. These visits continued through the summer. The modus operandi was: Charles Noyes, and one or more of the defendants, would bring whisky to the farm, leaving it there temporarily. It would then be transferred to other cars in smaller lots, and taken away, sometimes to Des Moines. Cook's testimony was corroborated by his wife and other witnesses. Some of the defendants named, employees of Charles Noyes, testified for the government that pursuant to his directions they would call at the Cook ranch for small lots of alcohol, and make deliveries to customers in town, Charles Noyes receiving the proceeds; also that on one occasion, after a narrow escape from arrest, Charles Noyes gave one of them funds to go to Chicago temporarily.

In November, 1926, Charles Noyes called at the Cook ranch late at night with a large quantity of liquor in his car, and asked permission to leave it on the farm for the night. This was granted, on the promise that he would get it out before the farm help went to work next morning. This he agreed to do, remarking that Joe Babb would call for it before 7 next morning. Babb turned up as stated, and took 76 gallons of alcohol out of Charles Noyes' car, and carried it away. That was on the 25th. The next night prohibition agents, with Cook's permission, concealed themselves on the premises, and caught Charles Noyes and others red-handed.

Plaintiff in error Babb, according to the testimony, was out at the Cook ranch on several occasions, and on more than one occasion hauled liquor away. No evidence was offered on behalf of either defendant. Motions were made for directed verdicts, on the ground that the evidence was not sufficient to justify a conviction or prove a conspiracy.

[4, 5] We think this record fully justifies the verdict of the jury. Moreover this court has repeatedly stated that the conspiracy may be deduced from the acts and conduct of the parties, and need not be shown by explicit verbal or written agreement, or understanding. Murry v. U. S. (C. C. A.) 282 F. 617; Hilt v. U. S. (C. C. A.) 12 F.(2d) 504. And if the jury believed that the plaintiffs in error were members of the conspiracy, it is immaterial whether either of them committed an overt act. Steigleder v. U. S. (8th C. C. A.) 25 F.(2d) 959, filed April 16, 1928.

The charge of the court was very fair, and fully covered the law of the case. No instructions were tendered, and no exceptions saved to the charge. Any other result than

that arrived at would have been a miscarriage of justice.

The judgment of the lower court is affirmed.