**UNITED STATES v. SHARPE et al.**
No. 4768.

District Court, E. D. Kentucky.
June 20, 1945.

Claude P. Stephens, U. S. Atty., and Robert M. Stephenson, Asst. U. S. Atty., both of Lexington Ky., for plaintiff.

E. S. Wiggins, of Richmond, Ky., for defendant Vernon Kimbrough.

FORD, District Judge.

This case is submitted upon a motion filed by the defendant, Vernon Kimbrough, for correction of the judgment pronounced upon him and to vacate the consecutive sentences imposed upon him by this Court on April 28, 1941, upon the three counts of the indictment herein. The first count charged the defendants with a conspiracy to transport in interstate commerce stolen motor cars and to conceal them while moving in such commerce, with knowledge that they had been stolen, and thereby to commit offenses against the United States in violation of section 37 of the Criminal Code, 18 U.S.C.A. § 88. The second count

charged the substantive offense of transporting an automobile from Atlanta, Georgia, to Owen County, Kentucky, "then and there well knowing that said automobile had been stolen", in violation of 18 U.S.C.A. § 408. The third count charged receiving, concealing and storing the same automobile with knowledge that it had been stolen, a violation of another provision of 18 U.S.C.A. § 408.

The judgment was entered and sentences imposed upon the defendant's plea of guilty.

The acts set out in count 1 as constituting overt acts to effect the object of the conspiracy are the same acts charged as substantive offenses in counts 2 and 3. Consequently the defendant contends that the same evidence required for conviction under count 1 would also establish the offenses charged in counts 2 and 3, resulting in such identity of offenses that imposition of sentences under counts 2 and 3 constituted double punishment and double jeopardy in violation of the Fifth Amendment of the Constitution of the United States.

The defendant filed a brief pro se which has had the careful consideration of the Court. He has also had the benefit of the services of able counsel appointed by the Court, at his request, who has filed a brief and presented oral arguments in support of defendant's motion.

■■■ To establish the offense charged in count 1 requires proof of a common understanding or agreement to commit the offense and an overt act in furtherance thereof, but it is not essential that the overt act be a consummation of the intended crime or in itself a criminal act. The gravamen of the conspiracy charge under count 1 is an agreement or understanding between two or more of the defendants, and "While certain evidence under the two counts is identical, much of the evidence necessary to establish conspiracy is not required nor proper for proof of the substantive charge. Conspiracy involves the element of agreement, of the existence of a single design for the accomplishment of the common purpose. There must be a combination by concerted action to accomplish an unlawful result, or to accomplish a lawful result in an unlawful manner. Such evidence may not be competent to prove the substantive offense." Schmel-

ler v. United States, 6 Cir., 143 F.2d 544, 549.

■■■ That conspiracy to commit a crime is a separate and distinct offense from substantive offenses which are the object of the conspiracy and that the conspiracy and the substantive offenses may be separately punished are principles now so thoroughly established as to admit of no controversy. United States v. Rabinowich, 238 U.S. 78. 35 S.Ct. 682, 59 L.Ed. 1211; Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L.Ed. 450;. Blue v. United States, 6 Cir., 138 F.2d 351, 360; Westfall v. United States, 6 Cir., 20 F.2d 604, 607; and Kelly v. United States, 6 Cir., 258 F. 392.

In dealing with the question here involved, the Circuit Court of Appeals of the Eighth Circuit in Steigleder v. United States, 25 F.2d 959, 960, made the following comprehensive statement of the controlling law upon the subject:

"* * * Plaintiff in error asserts that the same criminal act, or offense, cannot be pleaded as an overt act in a conspiracy count, and also as a separate substantive offense. Or to put it another way: That the facts pleaded separately in counts 2 to 17, respectively, are the same that are pleaded collectively as overt acts in the conspiracy count, and that the same evidence required to convict under any one of counts 2 to 17 will sustain a conviction under the conspiracy count.

"This proposition, variously stated, has been made many times before in the federal courts, and always rejected, and does not justify extended discussion. There are no common-law crimes cognizable in the federal courts and the conspiracy section referred to is purely a creature of statute. It in no sense is a combination of offenses, but a distinct and separate crime. The gravamen of the offense is the formation of a conspiracy, or agreement, to commit an offense against the United States, coupled with the doing of any act to effect the object thereof. This requires proof of the common understanding, and of an overt act done in furtherance thereof. But the act which must be done by one or more of the conspirators to effect the object of the conspiracy does not have to be a successful, completed, substantive act or offense. It need not be criminal in its nature. Manning v. United States, 8 Cir., 275 F. 29. An unsuccessful, or partial, attempt at a substantive offense is sufficient; so that the

liability for conspiracy is not affected by its success or failure; that is, the full accomplishment of the objective. That is a matter of indifference as far as the government is concerned. Ryan v. United States, 7 Cir., 216 F. 13; Heike v. United States, 227 U.S. 131 at [page] 144, 33 S.Ct. 226, 57 L.Ed. 450, Ann.Cas.1914C, 128.

"On the other hand, to secure a conviction of the substantive offenses set out in counts 2 to 17, the government was required to prove a completed crime. So it has been held that an acquittal under a conspiracy count is not inconsistent with a verdict of guilty under the counts charging the substantive offense, where the overt acts charged in the former are relied upon under the latter charge. Therefore the plea, autrefois acquit, to be availed of, must demonstrate that the offenses referred to are precisely the same in law and in fact, or, as said by Mr. Justice Harlan in Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362, in adopting the language of Chief Justice Shaw: 'The plea will be vicious if the offenses charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact.' Also Kelly v. United States, 6 Cir., 258 F. 392; Singleton v. United States, 5 Cir., 294 F. 890. And in this circuit see Bell v. United States, 8 Cir., 2 F.2d 543.

"The contentions of plaintiff in error are decisively settled adversely to him by Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, which holds that the test of identity of offenses when double jeopardy is pleaded, is whether the same evidence is required to sustain them, and if not, the mere fact that both charges relate to and grow out of one transaction does not make a single offense, where more than one is defined by the statute. As we have shown, the proof required to sustain the conspiracy charge in the instant case differs in amount and kind from that necessary to convict under the other counts."

Perhaps the most recent case in point is Banghart v. United States, 4 Cir., 148 F.2d 521, in which the Court, speaking in reference to a claim similar to that here presented, said:

"Their contention is that the crimes charged under counts 3, 4 and 12 were parts of the same crime for which they were given the 25 year sentence under count 2, and that, consequently, additional sentences under those counts are void as constituting double jeopardy.

"We think that there is no merit whatever in the contentions of appellants. It is well settled that conspiracy to commit a crime is a separate and distinct offense from the crime which is the object of the conspiracy and may be separately punished."

■ The authorities referred to are applicable and controlling and impel rejection of the defendant's contention that the judgment and sentences under counts 2 and 3 constitute double jeopardy or double punishment.

■ The defendant further contends that count 1 of the indictment fails to charge an offense in that it omits the essential averment of agreement. "It is the general rule that an indictment charging conspiracy is sufficient, if it follows the language of the statute and contains a sufficient statement of an overt act to effect the object of the conspiracy." Williams v. United States, 6 Cir., 3 F.2d 933, 934. The averments of count 1 fulfill this requirement.

■ The sentences imposed are within the limits fixed by law. The defendant's claim that they are excessive presents a question which is not open for consideration at this late date. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Bozel v. United States, 6 Cir., 139 F. 2d 153, certiorari denied 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087.

For the reasons indicated, the defendant's motion for correction of the judgment and vacation of the sentences must be denied. An order will be entered accordingly.