**NORMANDALE v. UNITED STATES.**

**No. 14203.**

United States Court of Appeals
Fifth Circuit.

Jan. 29, 1953.

Harold Normandale, in propria persona.

Hilary J. Gaudin, Asst. U. S. Atty., John N. McKay, U. S. Atty., New Orleans, La., for appellee.

Before HOLMES, RUSSELL, and STRUM, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment of the district court overruling a motion to vacate a sentence under Section 2255, Title 28 U.S.C.A. The appellant was indicted on three counts charging violations of the federal narcotic laws, Section 2553(a), Title 26 U.S.C.A. On motion of the government, the first count was dismissed; the appellant entered a plea of guilty to the second count, which was for the unlawful purchase of heroin hydrochloride; also a plea of guilty to the third count, which was for the unlawful purchase of raw opium. He was sentenced to serve four years on the second count, and to serve eighteen months on the third count, the sentences to run consecutively. Appellant's motion to vacate the sentence with reference to count three was based on the contention that the narcotics designated by the second and third counts were purchased at the same time and constituted only one offense. The court overruled the motion.

The appellant contends that the court erred in not granting a hearing on the motion on the ground that the drugs were purchased at the same time and the indictment under which he was sentenced charged only one offense. The result, he says, placed him in double jeopardy in violation of his rights under the Fifth Amendment. Section 2553(a) of the Harrison Narcotics Act provides that it shall be unlawful to purchase, sell, dispense, or distribute opium, isonipecaine, coca leaves, opiate, or any compound, salt, derivative, or preparation thereof, except in or from the original stamped package. It is manifest that the intention of Congress in enacting the law was to make it an offense to purchase each kind or type of narcotic so named.

In determining if separate counts in an indictment constitute the same offense, the test to be applied is whether each provision requires proof of additional facts or evidence. Heroin hydrochloride and raw opium, although the former is a derivative of the latter, are entirely different drugs. The appellant could not have been convicted on each count by the same evidence, since proof of the purchase of heroin hydrochloride would not have satisfied the requirements of proof as to the purchase of the other, and vice versa. Therefore, the fact that the appellant purchased two kinds or quantities of narcotics at the same time and in the same transaction did not integrate the two offenses into one. The same course of conduct upon the same occasion may result in separate offenses and be separately punished. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153; Walsh v. White, 8 Cir., 32 F.2d 240, 241; Blockburger v. U. S., 7 Cir., 50 F.2d 795; Haggerty v. U. S., 8 Cir., 52 F.2d 11. See Gavieres v. U. S., 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Albrecht v. U. S., 273 U.S. 1, 11, 47 S.Ct. 250, 71 L.Ed. 505; U. S. v. Sharpe, D.C., 61 F.Supp. 237; Bacom v. Sullivan, 5 Cir., 200 F.2d 70.

Affirmed.