**UNITED STATES v. HENRY LOHREY CO. et al.**

Cr. No. 13729.

United States District Court
W. D. Pennsylvania.

May 15, 1953.

Edw. C. Boyle, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Joseph P. Passafiume, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

This is a motion for dismissal of an information pursuant to rule 12 of the Federal Rules of Criminal Procedure, 18 U.S. C.A.

On or about October 28, 1952, there was filed in this court Information No. 13729,

Criminal Action, charging the defendants with twenty-five separate violations of section 409(b) of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2109(b), and Ceiling Price Regulation 24, as amended, and promulgated thereunder.

Defendants contend:

1. The information is defective in form and substance in that it sets forth twenty-five separate counts of alleged violations under section 409(b) of the Defense Production Act of 1950, when in fact, the alleged acts upon which the information is based constitute but a single violation.

2. The information as drawn is a duplication and multiplication of a single offense· under the. alleged violated section 409(b) of the Defense Production Act of 1950.

The defendants herein are charged with twenty-five separate alleged violations· of section 409(b) of the Defense Production Act of 1950, said violations being based upon the contention that the defendants required divers customers on separate and distinct dates to purchase quantities of bacon before they would be allowed to purchase other cuts of meat which they desired. The violation alleged is commonly referred to as a tie-in sale or tying agreement, which practice is prohibited by Ceiling Price Regulation 24, which reads as follows:

"Section 8. *Evasion.* (a) You shall not evade the provisions of this regulation, by direct or indirect methods in connection with an offer, solicitation or agreement relating to the sale, delivery, purchase, transfer or receipt of beef, along or in conjunction with any other commodity or service, or by way of any commission, service, transportation, wrapping, packaging or other charge or discount, premium or other privilege, or *by tying-agreement* or other trade understanding, or by changing the selection, grading, or the style of dressing, cutting, trimming, cooking or otherwise processing, or the wrapping or packaging of beef, or otherwise.

"(b) Among others, the following practices are considered evasions and are prohibited:

"(1) Falsely or incorrectly grading or invoicing beef.

"(2) Selling or invoicing kosher beef to purchasers who are not bona fide buyers of kosher beef, or kosher meat.

"(3) Selling or invoicing fabricated beef cuts to buyers other than purveyors of meals, hotel supply houses, combination distributors, ship suppliers, or peddler truck sellers.

(Subparagraph (3) amended by Amdt. 3.)

"(4) Offering, selling or delivering a beef product on condition that the buyers purchase another beef product or any other commodity or service."

This regulation was issued by the Office of Price Stabilization under authority contained in section 405(a) of the Defense Production Act of 1950, which reads as follows:

"It shall be unlawful, regardless of any obligation heretofore or hereafter entered into, for any person to sell or deliver, or in the regular course of business or trade to buy or receive, any material or service, or otherwise to do or omit to do any act, in violation of this title (sections 2101–2110 of this Appendix) or of any regulation, order, or requirement issued thereunder, or to offer, solicit, attempt or agree to do any of the foregoing. The President shall also prescribe the extent to which any payment made, either in money or property, by any person in violation of any such regulation, order, or requirement shall be disregarded by the executive departments and other governmental agencies in determining the costs or expenses of any such person for the purposes of any other law or regulation, including bases in determining gain for tax purposes."

It appears from a study of the alleged violated regulation, that certain practices or course of action are prohibited, including among others, tie-in agreements. The only pertinency of section 409(b) of the Defense Production Act is that it establishes the penalty or punishment for viola-

tions of the provisions of section 405 of the Defense Production Act of 1950.

The focal point of the defendants' motion to dismiss the information and the narrow question involved is whether each of the alleged tie-in sales set forth in the twenty-five separate counts of the information constitute a separate and distinct violation of Ceiling Price Regulation 24, or whether the alleged violation of the practices or courses of conduct prohibited by the regulation is merely a single violation of the regulation.

■ In determining if separate counts in an indictment or information constitute the same offense, the test to be applied is whether each provision requires proof of additional facts of evidence. Normandale v. United States, 5 Cir., 201 F.2d 463.

■ That each sale in the current information constitutes a separate offense is clear and unequivocal, even if· said transactions were conducted at the same time. Normandale v. United States, supra; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.

Even had the alleged sales been made to the same party, they would constitute separate offenses. Blockburger v. United States, 7 Cir., 50 F.2d 795.

It is obvious that the same proof cannot be used in the prosecution of each count contained in the information.

Motion for dismissal will be refused.

An appropriate Order is entered.