### BURNS v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 22, 1924. Rehearing Denied March 14, 1924.)

#### No. 4077.

1. Conspiracy ⬚43(5)—Indictment for conspiracy to transport liquor in violation of Prohibition Act held sufficient.

An indictment charging a conspiracy under Criminal Code, § 37 (Comp. St. § 10201), to transport intoxicating liquor for beverage purposes, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and specifying several overt acts, *held* sufficient, since defend-

---

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ants could enter into a conspiracy general in its nature, and the indictment may properly be as broad as the conspiracy.

**2. Intoxicating liquors ⚖️210—Indictment charging unlawful transportation held sufficient.**

An indictment charging unlawful transportation of intoxicating liquors for beverage purposes *held* sufficient.

**3. Customs duties ⚖️126—Vessel proceeding on voyage, though inside three-mile limit, held not subject to seizure by customs agents.**

An American schooner, which, when sighted off the coast of Florida by customs agents, was proceeding on her voyage, even if inside the three-mile limit, was not within the limits of any collection district, within Rev. St. § 2773 (Comp. St. § 5469), so as to confer on customs officers the right to board and seize her without a search warrant for conspiring to transport intoxicating liquors, in violation of Criminal Code, § 37 (Comp. St. § 10201).

**4. Criminal law ⚖️395—Liquor obtained on illegal search inadmissible.**

In a prosecution for unlawfully transporting liquor, liquor obtained on an illegal search is inadmissible.

In Error to the District Court of the United States for the Southern District of Florida; J. W. Mack, Judge.

Robert Burns was convicted of a conspiracy, under Criminal Code, § 37, to transport intoxicating liquors for beverage purposes, in violation of the National Prohibition Act, and of transporting intoxicating liquors for beverage purposes, and he brings error. Reversed.

Hugh C. Macfarlane and Howard P. Macfarlane, both of Tampa, Fla., for plaintiff in error.

Wm. Gober, U. S. Atty., of Tampa, Fla., and Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla. (Maynard Ramsey, of Jacksonville, Fla., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. This is an indictment in two counts. The first count charges Robert Burns and four other defendants with a conspiracy, under section 37 of the Criminal Code (Comp. St. § 10201), to transport for beverage purposes intoxicating liquors in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

Several overt acts to effect the object of the conspiracy were charged, but it is only necessary to mention one, since the government does not contend that there was any evidence tending to prove the others. The overt act relied on by the government is that the defendants transported on the American auxiliary schooner C. C. Junior a quantity of intoxicating liquor, intended for beverage purposes, from a point in the Gulf of Mexico, near Boca Grande, to a point near Anclote Key, in the Southern District of Florida. The second count charges the unlawful transportation for beverage purposes of intoxicating liquors. All the defendants were convicted upon both counts of the indictment, but Robert Burns, hereinafter called the defendant, alone sued out writ of error.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The evidence for the government fails to show any transportation from near Boca Grande. It tends to prove the overt act relied on only by showing that two deputy collectors of customs and two prohibition agents, while cruising in a motor boat, at about 11 o'clock in the forenoon, sighted the schooner C. C. Junior six miles away, at a point near Anclote Key, which they estimated to be not more than one-fourth mile within the three-mile limit. These witnesses testified that when they sighted the Junior she was not anchored, but with sails set was proceeding on her voyage; that they pursued her for several hours, and seized her about eighteen miles at sea, though they had no search warrant; and that they found on board 245 cases of intoxicating liquor. Over the objection of the defendants samples of the liquor were offered in evidence.

The defendant assigns as error: (1) The denial of a motion to quash the indictment on the ground that it was vague and indefinite, and charges no offense; and (2) the overruling of the objection to the liquor as evidence on the ground that the seizure was illegal.

[1, 2] 1. We are of opinion that the motion to quash the indictment was properly overruled. It sufficiently charges a conspiracy. The defendants could enter into a conspiracy general in its nature, and the indictment may properly be as broad as the conspiracy. Jollit v. United States (C. C. A.) 285 Fed. 209. The second count of the indictment measures up to the requirements laid down by this court in Hilt v. United States, 279 Fed. 421.

[3] 2. If the doubtful concession be made that the schooner Junior was inside the three-mile limit, yet it is difficult to conceive that such incidental or accidental circumstance indicated any purpose or act "to effect the object of the conspiracy," under section 37 of the Criminal Code. Certainly the vessel had not arrived within the limits of any collection district, within the meaning of R. S. § 2773 (Comp. St. § 5469), so as to confer upon customs officers the right to seize her. The case of The Javirena, 67 Fed. 152, 14 C. C. A. 350, which was anchored at almost the same point at which the C. C. Junior was sighted, is to this effect, as are also The Apollon, 9 Wheat. 362, 6 L. Ed. 111; and Harrison v. Vose, 9 How. 372, 13 L. Ed. 179.

[4] The customs officers had no search warrant. They had not discovered the Junior in the violation of any law, and they had no right to board her or to seize her. Evidence obtained upon an illegal search is inadmissible. Gouled v. United States, 255 U. S. 298, 41 Sup. Ct. 261, 65 L. Ed. 647. And therefore the court below erred in admitting the samples of liquor in evidence over defendant's objection.

The judgment is reversed, and the cause remanded, with directions for further proceedings not inconsistent with this opinion.