## LEWIS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 10, 1925.)

No. 4380.

1. **Intoxicating liquors** ⬅️210 — **Indictment charging transportation without permit not defective for failure to aver transportation for beverage purposes.**

Under National Prohibition Act, tit. 2, § 6 (Comp. St. Ann. Supp. 1923, § 10138½c), transportation of liquor, though for medicinal purposes, must be made under permit, and counts of indictment charging transportation without permit are not defective for failure to aver that transportation was for beverage purposes.

2. **Intoxicating liquors** ⬅️221—**Counts charging possession or sale without permit or for beverage purposes sufficient.**

Counts of indictment charging possession or sale of liquor were sufficient, where they alleged either that possession or sale was without a permit, or that it was for beverage purposes.

**3. Indictment and information ⚖➝69—Indictment for conspiracy to transport and possess intoxicating liquor held not objectionable, as containing untrue allegations that there were other unknown conspirators.**

Indictment for conspiracy to transport and possess intoxicating liquor *held* not objectionable, as containing untrue allegations that there were other conspirators unknown to grand jury.

**4. Indictment and information ⚖➝130—Refusal to require government to elect between counts charging conspiracy to transport and conspiracy to possess intoxicating liquor held not error.**

Conspiracy to transport intoxicating liquor without permit and conspiracy to possess intoxicating liquor with intent to sell for beverage purposes are offenses of such kindred nature that they may be charged in same indictment, and refusal to require government to elect between counts separately charging such offenses is not error.

**5. Indictment and information ⚖➝132(4)—Refusal to require election between counts charging unlawful possession with intent to sell and with intent to transport held error.**

Refusal to require government to elect between counts of indictment charging possession with intent to sell without permit and possession with intent to transport same liquor without permit *held* error, such possession constituting but one offense.

**6. Indictment and information ⚖➝132(4)—Refusal to require election between counts charging sale without permit and same sale for beverage purposes held error.**

Refusal to require government to elect between counts of indictment charging sale of intoxicating liquors without permit and same sale for beverage purposes *held* error, there being but one offense.

**7. Criminal law ⚖➝347 — Refusal to permit cross-examination of attorney as to whether he had discussed with prosecuting witnesses their testimony concerning entrapment held error.**

In prosecution for liquor law violations, where principal defense was that of entrapment, refusal to permit defendants to cross-examine attorney as to whether he had discussed with prosecuting witnesses what their testimony would be, particularly concerning subject of entrapment *held* error.

In Error to the District Court of the United States for the Southern District of Florida; Julian W. Mack, Judge.

Thomas Lewis, alias T. N. Lewis, and others, were convicted of conspiracy to violate National Prohibition Act, and they bring error. Reversed, and cause remanded.

Bart A. Riley, of Miami, Fla., for plaintiffs in error.

Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla. (Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. This is an indictment for conspiracy to violate, and for violations of, the National Prohibition Act. The indictment is in seven counts. The first count charges the defendants and other persons alleged to be unknown to the grand jury with a conspiracy "to transport intoxicating liquors without a permit so to do." The second count charges the defendants with a conspiracy to possess intoxicating liquors with intent to sell the same for beverage purposes. Each of these counts alleges several overt acts, among them being one to the effect that one C. M. Clayton received $4,050 for the purpose of paying it to one of the defendants upon delivery to the purchasers of the liquor therein described. The third and fourth counts charge possession; the former for the purpose and with the intent to sell without the permit required by the National Prohibition Act, and the latter with the intent to transport without such a permit. The fifth count charges transportation without a permit. The sixth and seventh counts charge a single sale; the former alleging that the sale was made without the required permit, and the latter that it was made for beverage purposes. The description of the liquor is the same in each count, and the alleged unlawful acts are charged to have taken place on the same day. Only in the second and seventh counts is it alleged that the liquor was intended for beverage purposes.

The defendants, by motions to quash and in arrest of judgment, attacked each count of the indictment as being insufficient. They also entered a motion that the government be required to elect between the first and second, between the third and fourth, and between the sixth and seventh counts. These motions were severally denied.

Negotiations were entered into between a number of prohibition agents, on the one hand, and the defendants, on the other, which resulted in an agreement that the defendants would procure a boat and proceed to the island of Bimini, a British possession, procure 100 cases of intoxicating liquor, transport it to Miami, Fla., and there sell and deliver it to the prohibition agents, and that the latter would accept and pay for it. To insure payment, the prohibition agents deposited $4,350, the purchase price agreed upon, in a

bank at Miami, and the defendants procured and delivered the liquor as agreed. During the transaction the prohibition agents posed as purchasers, but, the sale having been accomplished, they had the defendants arrested, and appeared at the trial as the principal witnesses for the prosecution. The defendants admitted their connection with the whole affair, and their sole defense was that they had been entrapped by the government agents into a violation of the law.

The evidence was in irreconcilable conflict upon the question whether the negotiations were begun by the prohibition agents or by the defendants, each side placing the responsibility on the other. The defendants called as a witness in their behalf one Burt W. Andrews, who testified that he was a lawyer, and the head of the litigation division of prohibition at Washington; that he was in Miami when the defendants were arrested, just after they brought the liquor from Bimini, and attended generally to legal matters involved in the arrests that were being made about that time by the prohibition agents. Andrews was then asked by counsel for the defendants whether he had discussed with the prosecuting witnesses what their testimony would be, particularly concerning the subject of entrapment. But the court sustained an objection of the district attorney to the question, on the ground that the answer would be immaterial, and the defendants excepted.

The defendants were convicted and sentenced on each count of the indictment. They contend here, among other things, that the trial court erred in holding the indictment good, and in sustaining the government's objection to the testimony sought to be elicited from the witness Andrews.

[1] The defendants contend that it was lawful to transport without a permit intoxicating liquor intended for medicinal use, and therefore that the first, fourth, fifth, and sixth counts should have negatived the presumption that the liquors were intended for such use, and should have alleged affirmatively that the transportation was for beverage purposes. Section 6, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½c), is relied on to sustain this contention; but, in our opinion, it fails to do so. It merely provides for the purchase and use without a permit, under rules and regulations to be prescribed by the Commissioner of Internal Revenue; but, as we understand that section, it requires a permit for the transportation of liquor, even though it be intended only for medicinal use.

[2] Counts 2, 3, 4, 6, and 7 relate to possession and sale, and in each instance it is alleged that the possession or sale was either without a permit or with the intent that the liquor should be used for beverage purposes. Each of the counts, therefore, sufficiently alleges an offense. Hilt v. United States (C. C. A.) 279 F. 421; Burns v. United States (C. C. A.) 296 F. 468.

[3] Objection is also made to the first and second counts, because each contained the allegation that there were other conspirators unknown to the grand jury. It is argued that this could not be true as to Clayton, because it was alleged in one of the overt acts that he held in escrow the purchase price of the liquor. The grand jury evidently did not consider Clayton guilty.

[4] We are of the opinion that the motion to compel the government to elect between the first and second counts, charging conspiracy to transport and to possess, respectively, was properly denied. Separate offenses were charged, but, because of their kindred nature, it was permissible to include them both in the same indictment.

[5] The motion to compel an election as between the third and fourth counts, and as between the sixth and seventh counts, should have been granted. Unlawful possession is but one offense. It is necessary to allege intent, whether to sell or to transport, but only to make it appear that the possession is unlawful.

[6] For the same reason the government should have been compelled to elect between the sixth and seventh counts. The offense charged in each was an unlawful sale. It was only one offense, whether made without a permit or with the intent that the liquor should be used for beverage purposes. There should have been but one sentence for the unlawful possession, and one sentence for the unlawful sale.

[7] Defendants were clearly entitled to prove that the prosecuting witnesses had conferred with the lawyer, who was able to inform them on the subject of entrapment. It was for the jury to say whether the government witnesses would color or change their testimony in an effort to convict the defendants. In view of the vital conflict of the witnesses for the prosecution and the defense, the defendants should have been allowed a wide range of cross-examination. We are of opinion that their privilege in this respect was unduly restricted, and that the error involved in excluding the proffered testimony was highly prejudicial. DiSalvo v. United States (C. C. A.) 2 F.(2d) 222.

There are many other assignments of error, but, as the matters complained of may not arise on another trial, it is unnecessary to consider them.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.