## CANADA et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 4, 1925. Rehearing Denied April 11, 1925.)

No. 4401.

1. **Criminal law ⟨key⟩553—Jury is judge of credibility of testimony.**

A jury may rest a finding on the testimony of a single witness as against that of any number of others.

2. **Conspiracy ⟨key⟩47—Evidence held to sustain conviction for conspiracy to unlawfully import liquors.**

Evidence *held* to sustain a conviction for conspiracy to import and conceal liquors in violation of the customs laws.

3. **Criminal law ⟨key⟩394—Defendants cannot object to evidence because unlawfully secured from third person.**

That evidence was unlawfully secured from a third person, not under indictment, does not affect its admissibility.

In Error to the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Criminal prosecution by the United States against George R. Canada and others. Judgment of conviction, and defendants bring error. Affirmed.

D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex., C. W. Howth and M. G. Adams, both of Beaumont, Tex. and John E. Jackson, of New Orleans, La., for plaintiffs in error.

H. M. Holden, U. S. Atty., and Edwin R. Warnken, Asst. U. S. Atty., both of Houston, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On June 11, 1924, an indictment was returned against George R. Canada, Archie Hamilton, Yock Adams, Jesse Dyson, and ten others, charging them with conspiring to commit offenses against the laws of the United States, namely, various customs and tariff laws and the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), by unlawfully importing, smuggling, landing, and concealing intoxicating liquor. Briefly stated, the scheme charged was that the defendants would bring large quantities of intoxicating liquor intended for beverage purposes from Grand Cayman or other foreign countries to the territorial waters of the United States in the vicinity of Galveston, Port Arthur, and Sabine Pass, Tex., in the British auxiliary schooner Island Home, which certain named defendants were to man, the liquor to be then transported to shore in motorboats owned and operated by others of the defendants, the liquor to be then sold, without the defendants having complied with the customs laws and regulations relative to invoicing, entry, payment of duty, etc., and also in violation of the National Prohibition Act.

The plaintiffs in error were convicted. Three of the others, the master, mate, and a member of the crew of the Island Home, all British subjects, were also convicted, but have not sued out writs of error. Verdicts of not guilty were returned as to two others, and apparently the other five were not apprehended and placed on trial.

Error is assigned to the refusal of the court to direct a verdict for defendants at the close of the case on the grounds that the evidence was not sufficient to prove the offense nor to prove that any overt act was committed within the jurisdiction of the court.

Error is also assigned to the admission in evidence of certain documents taken from the possession of one V. Farrell, not charged in the indictment, without a search warrant, and other documents and liquor found on the schooner Island Home.

Error is also assigned to the refusal of the court to give two special charges requested,

but these were not argued and require no further notice.

[1] Although conflicting, there was ample evidence before the jury, which, if believed, would tend to show that the Island Home was engaged in the business of bringing liquor to the United States as alleged in the indictment, commonly denoted rum running, and made at least two trips. The evidence that she came within the three-mile limit on the trip alleged as an overt act is not so strong. It consists solely of the testimony of a Capt. Steinhart, who observed the vessel from the shore through a telescope. This witness, an old man, had been in the coast guard for 33 years and was thoroughly familiar with the waters and the shore in the vicinity. It is highly probable that he, through his knowledge of landmarks and maritime matters generally, was in a position to judge with reasonable accuracy the distance the Island Home was off the shore. The jury was authorized to rest its verdict on the testimony of a single witness, disregarding the testimony of other witnesses, no matter how many, and therefore the testimony of this witness was sufficient to support a finding in accordance with that testimony.

[2] Another overt act charged within the jurisdiction of the court was the transfer of liquor, from some vessel not named, in the motorboat Lena to within the limits of the Galveston Harbor. Under the circumstances shown, the jury might well have concluded that the transportation was part of the general conspiracy.

Canada, an American citizen, residing in Texas, was the supercargo on the Island Home under the assumed name of Sanford for at least two trips, including the one in which she came within the three-mile limit. The other three plaintiffs in error are shown to have been instrumental in the building and operating of the Lena. There was evidence tending to connect all the defendants charged in the indictment with each other and with the conspiracy.

On the whole, we must conclude that the evidence before the jury was sufficient to support the verdict.

[3] The other assignments of error are not well taken. The seizure of the Island Home was within the terms of the convention between the United States and Great Britain on the subject of the importation of intoxicating liquor and the provisions of section 581 of Act of Sept. 21, 1922, known as the Tariff Act (Comp. St. Ann. Supp. 1923, § 5841h). Consequently, any evidence found on board the ship was admissible, and, of course, none of the defendants could complain as to the method of securing evidence from a third person not under indictment. The court charged the jury fully and fairly as to the law of the case.

No error being shown on the record, the judgment is affirmed.