## ARCH et al. v. UNITED STATES.
## THE ISLAND HOME.

(Circuit Court of Appeals, Fifth Circuit.
May 12, 1926.)

No. 4498.

**1. International law ⬅5.**

Under Act of March 2, 1799 (1 Stat. 646) § 25, United States has jurisdiction over marginal sea to at least four leagues for purpose of enforcing revenue and customs laws.

**2. Customs duties ⬅124—Foreign ship, within convenient distance of coast to permit unloading cargo by small boats, held within jurisdiction of United States, and required to observe customs laws.**

Foreign ship, arriving within convenient distance from coast so that cargo could be introduced by use of small boats, *held* within jurisdiction of United States, and required to observe all customs laws and regulations.

**3. Customs duties ⬅126—Coast Guard had authority to search vessel without warrant after finding no manifest when boarding her for inquiry as to cargo and destination (Tariff Act of Sept. 21, 1922, § 581 [Comp. St. Ann. Supp. 1923, § 5841h]).**

Under Tariff Act of Sept. 21, 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h), Coast Guard, observing foreign ship at anchor had authority to board her for inquiry as to cargo

and destination, and, finding no manifest, had right to search without warrant.

**4. Customs duties ⊜⊃133—Evidence obtained by seizure beyond three-mile limit of foreign ship with no manifest held admissible in forfeiture libel (Tariff Act Sept. 21, 1922, §§ 433, 436, 439, 584, 586, 591, 596 [Comp. St. Ann. Supp. 1923, §§ 5841e—2, 5841e—5, 5841e—8, 5841h—3, 5841h—5, 5841h—10, 5841h—16]; National Prohibition Act, tit. 2, § 26 [Comp. St. Ann. Supp. 1923, § 10138½mm]).**

Evidence obtained by seizure beyond three-mile limit of foreign vessel having no manifest, in violation of Tariff Act Sept. 21, 1922, §§ 433, 436, 439, 584, 586, 591, and 596 (Comp. St. Ann. Supp. 1923, §§ 5841e—2, 5841e—5, 5841e—8, 5841h—3, 5841h—5, 5841h—10, 5841h—16), and alleged to be engaged in transportation and importation of liquor in violation of National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), *held* admissible in forfeiture libel.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Judge.

Libel by the United States against the British auxiliary schooner Island Home, etc. Decree of forfeiture (6 F.[2d] 467 note), and James H. Arch and others appeal. Affirmed.

D. D. McDonald and Jas. W. Wayman, both of Galveston, Tex., for appellants.

Edwin R. Warnken, Asst. U. S. Atty., of Galveston, Tex. (H. M. Holden, U. S. Atty., of Houston, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is an appeal from a judgment condemning and forfeiting to the United States the British auxiliary schooner Island Home, her engines, tackle, apparel, etc., and her cargo of intoxicating liquor. The decree orders the liquor sold for medicinal use, and, as the vessel had been appraised at $6,000 and released on bond, the judgment runs against the principals and sureties on the bond. Various errors are assigned, but, as the whole case is before us, it is not necessary to specifically refer to them.

Briefly stated, the libel sets out a number of violations of the customs laws and National Prohibition Act (Comp. St. Ann. Ann. Supp. 1923, § 10138¼ et seq.), relied on for forfeiture of the vessel and cargo, to wit, the unlawful unloading of cargo, by means of small boats, after arrival at a point within four leagues of the coast of the United States, without a permit, on the voyage on which the vessel was seized, and on previous voyages; failure to report the arrival and to enter the vessel, and failure to have on board and exhibit a manifest of the cargo, in violation of sections 433, 436, 439, 584, 586, 591, and 596 of the Tariff Act of September 21, 1922 (Comp. St. Ann. Supp. 1923, 5841e—2, 5841e—5, 5841e—8, 5841h —3, 5841h—5, 5841h—10, 5841h—16); transportation and importation of intoxicating liquor, in violation of section 26 of title 2, National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm). The prayer is for the enforcement of penalties, alleged to have been incurred by the master, against the ship, and for forfeiture of the vessel and cargo.

Some of the material facts conclusively shown by the record are these: The Island Home had been engaged in rum running for about one year and a half before her seizure, coming directly to the coast of the United States from some point in the British West Indies, and there unloading her cargo into small boats, keeping without the three-mile limit. On November 23, 1923, she was observed sailing off the coast of Texas not far from Galveston, presumably looking for a convenient anchorage. She came within the three-mile limit on this trip, but subsequently anchored outside of it, although well within twelve miles of the coast. The day after she anchored two small boats were sighted coming from her direction and about half way between the vessel and the shore. A Coast Guard cutter went out to her, and the officer in command discovered that she was loaded with liquor and did not have a manifest. Apparently part of the cargo had been discharged. Thereupon she was seized and brought into Galveston. Subsequently her master and crew and a number of persons residing in the United States were indicted for a conspiracy to violate various sections of the customs laws and the National Prohibition Act. The captain and crew and a number of others were convicted, and the judgment affirmed by this court. Canada et al. v. United States, 5 F.(2d) 488.

It is contended by appellants that the seizure was illegal because made beyond the three-mile limit, and consequently the evidence obtained was inadmissible; that the vessel cannot be considered as having come to the United States, and so was not required to have a manifest; and, in general, that no law of the United States had been violated by the ship or those on board of her prior to her seizure.

[1] Conceding that the criminal laws of the United States such as the National Prohibition Act are not effective more than three miles from the shore, nevertheless, from the earliest times, the United States has claimed and exercised jurisdiction over the marginal sea to at least four leagues for the purpose of enforcing her revenue and customs laws. Jurisdiction was so assumed by the Act of March 2, 1799 (1 Stat. .646, § 25), and continued to the present day by the various tariff and customs administrative acts. Great Britain also claimed the same extent of territory by the Hovering Act of 1736, 9 George 2d, C. A. P. 35, and doubtless, every maritime nation claims the same right. The Supreme Court has recognized the right of a nation to enforce her customs and navigation laws on the high seas beyond the three-mile limit. Church v. Hubbart, 2 Cranch, 187, 2 L. Ed. 249. And we have so held in United States v. Bengochea, 279 F. 537, a case in all its essential features similar to this one. [2, 4] It is evident that the Island Home was loaded with a cargo intended to be introduced into the United States by those on board. This could be done by the use of small boats after arriving within a convenient distance from the coast as well as by sailing into a harbor and there unloading on lighters or at a wharf. When she reached a point within four leagues of the shore she was as much within the jurisdiction of the United States as if actually in port, and was required to observe all the customs laws and regulations. When the Coast Guard observed her at anchor they had the authority to board her for the purpose of making inquiry as to her cargo and destination, and, finding no manifest, had the right to search without the necessity of procuring a search warrant. Tariff Act of Sept. 21, 1922, § 581 (Comp. St. Ann. Supp. 1923, § 5841h); Carroll v. U. S., 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. Finding probable cause therefor, the seizure was justified. It follows that the evidence thus obtained was admissible.

Without stopping to review the voluminous evidence in the case, which includes that taken on the trial of the indictment above referred to, introduced by agreement, it is sufficient to say that there was enough to support the libel to the extent of warranting condemnation of the vessel and cargo. U. S. v. Bengochea, supra; The Henry L. Marshall (D. C.) 286 F. 260.

If the Island Home had merely sailed through the customs zone without it being shown she had the intention of anchoring within it, and clandestinely introducing her cargo into the country, or if her intention had been only to anchor without the jurisdictional limits and there sell to chance customers, the case presented would have been different. Burns v. U. S. (C. C. A.) 296 F. 468; Romano v. U. S. (C. C. A.) 9 F.(2d) 522.

We find no error in the record. Affirmed.