**BALLERINI v. ADERHOLT, Warden.**
No. 5865.

Circuit Court of Appeals, Fifth Circuit.
Oct. 28, 1930.

Antony Ballerini, in pro. per.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

Appellant, upon his plea of guilty to an indictment in two counts, was sentenced to the Atlanta penitentiary for five years on the first count and four years on the second count, the sentences to run consecutively. Both counts are based upon a single sale of an ounce of heroin, a derivative of opium. The first count charges that appellant made the sale without being registered and without having paid the special tax provided by law, and the second count charges that he made the sale without requiring from the purchaser a written order issued in blank by the Commissioner of Internal Revenue; all in violation of the Harrison Narcotic Act, as amended (26 USCA § 211, and § 691 et seq.). Appellant, having served the maximum sentence of five years imposed under the first count, sought by his petition for the writ of habeas corpus to obtain his release from the penitentiary on the ground that the two counts of the indictment charged the same offense; and has taken this appeal from an order of the District Court denying the prayer of that petition.

Under the Fifth Amendment one may not for the same offense be twice put in jeopardy. In determining what is the same offense the test usually applied is "whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction; when there could,

the second cannot be maintained; when there could not, it can be." 1 Bishop's Cr. Law (9th Ed.) § 1052. In Morey v. Commonwealth, 108 Mass. 433, a leading case often cited by the Supreme Court, it is said: "The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offence. A single act may be an offence against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." See Tritico v. United States (C. C. A.) 4 F.(2d) 664, where several Supreme Court cases on this subject are collected. To those cases should be added the more recent case of Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505. Ex parte Nielsen, 131 U. S. 176, 9 S. Ct. 672, 676, 33 L. Ed. 118, which also cites with approval the Morey Case; it is said: "Where, as in this case, a person has been tried and convicted for a crime which has various incidents included in it, he cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offense." Mr. Bishop expresses the view that, in order to give effect to the constitutional provision under consideration, "the same offense must be interpreted as equivalent to the same criminal act" (Bishop Cr. Law § 1060); and his view, subject to the qualification enforced in United States v. Lanza, 260 U. S. 377, 43 S. Ct. 141, 67 L. Ed. 314, and other cases, that prosecutions may be had for the same act in both the state and the United States courts, because of the jurisdiction, follows closely the rule of the Nielsen Case. The offense charged in each count was the unlawful sale of the same ounce of heroin. As there was but one sale, it would seem to follow that there was but one criminal act committed against the laws of the United States. The failure of appellant to register and pay the special tax, as charged in the first count, or to obtain a written order, as charged in the second count, could not have been the basis of a criminal prosecution. It was only in the event of a sale that such failure could become material. At last it was the sale, and not the failure to register, pay the tax, or secure the written order, that constituted the offense. In Burton v. United States, 202 U. S. 344, 26 S.

Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362, it was held that the agreement to receive compensation and the actual receipt of compensation constituted two offenses. In Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489, the offense of behaving in a drunken, boisterous, and indecent manner, prohibited by ordinance, was held to be different from the offense of insulting a public official by word of mouth, although the two offenses were proven by the same testimony. In Albrecht v. United States, supra, the holding was that possession and sale of intoxicating liquor were separate offenses. In Poffenbarger v. United States (C. C. A.) 20 F.(2d) 42, a prosecution for abstracting the contents from mail bags was held not to be barred by a previous conviction upon an indictment which charged the larceny of the mail. In each of these cases facts were required to be proved in the second prosecution that were not essential to conviction in the first prosecution. Solomon v. United States, 58 App. D. C. 182, 26 F.(2d) 554, which was a prosecution under the Narcotic Law, proceeded upon the theory that separate and distinct transactions were alleged.

Because of the presumption created by the statute, 26 USCA § 700, the government makes out a complete case upon proof of sale, under each count of an indictment which charges failure to register and pay the tax, to secure a written order, or to sell out of an unstamped package. The result is that upon proof of a single sale, and in the absence of any proof by the defendant, the government is entitled to ask for a conviction upon any one of the counts in the indictment. And so upon the same evidence the defendant may be convicted upon each count. Whether the rule as to additional evidence be applied as the test of determining that there is or is not more than one offense alleged, or whether the omission to take the necessary steps to qualify to make legal sales be considered as mere incidents included in the sale so as to constitute only one criminal act, we are of opinion that several crimes cannot be carved out of one unlawful sale. Lewis v. United States (C. C. A.) 4 F.(2d) 520. Our decision in Vamvas v. United States, 13 F.(2d) 347, in so far as it is in conflict with this conclusion, is overruled.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.