**BLOCKBURGER v. UNITED STATES.**
No. 4389.

Circuit Court of Appeals, Seventh Circuit.
June 11, 1931.

ALSCHULER, Circuit Judge, dissenting.

Harold J. Bandy, of Granite City, Ill., for appellant.

Walter M. Provine, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges. ·

SPARKS, Circuit Judge.

Appellant was charged by indictment with having violated what is commonly known as the Harrison Narcotic Act of 1914, as amended, and also what is commonly known as the Narcotic Drugs Import and Export Act of 1909, as amended. The indictment was in five counts. The first count alleged a sale to Ella Rush on May 27, 1929, of two grains of morphine hydrochloride not in or from an original stamped package. The second count alleged a sale to the same party, on May 28, 1929, of ten grains of the same drug not in or from an original stamped package. The third count alleged a sale to the same party, on May 29, 1929, of eight grains' of the same drug not in or from an original stamped package. The fourth count charges appellant with having knowingly received, bought, sold, and facilitated the transportation, concealment, and sale, on May 31, 1929, of twenty grains of the same drug, which had been fraudulently imported into the United States. The fifth count alleges a sale to Ella Rush, on May 29, 1929, of ten grains of the same drug, which sale was not in pursuance of a written order of Ella Rush upon a blank form issued for that purpose by the Commissioner of Internal Revenue.

The first, second, and third counts were based upon section 703, 44 Stat. 96 (26 USCA §§ 211, 691–695, 704); the fourth count was based on the Act of 1909, § 2, 35 Stat. 614, as amended in 1914, 1922, and 1924 (21 USCA §§ 172–177). The fifth count was based on section 2, 38 Stat. 786 (26 USCA § 696). The jury returned a verdict of guilty as to counts 2, 3, and 5, and not guilty as to counts 1 and 4. The court assessed a punishment on each of the second, third, and fifth counts of five years' imprisonment and a fine of $2,000, the terms of imprisonment to run consecutively.

It is appellant's contention that the sentence imposed is excessive, unreasonable, and for a longer period of imprisonment and a greater fine than the maximum fixed by law; that the facts proved under counts 2, 3, and 5, establish, if anything, but one offense, and that he cannot legally be held guilty of separate offenses; that the maximum punishment for any single violation of the statute in controversy is a fine of $2,000 and imprisonment for five years.

█ Section 703, 44 Stat. 96 (26 USCA § 692), provides that it shall be unlawful for any person to sell opium or coca leaves, or any compound, manufacture, salt, derivative,

or preparation thereof, except in the original stamped package or from the original stamped package. Counts 1 and 2 are drawn under this section. They charge two separate sales, on different days but to the same party, and the evidence supports the charges. There is nothing in the statute to indicate that Congress intended that such a state of facts should be considered as a continuing offense, or that such an offender should suffer but one penalty, or that the aggregate penalties should not exceed the maximum penalty provided for a separate offense. The offenses charged and proved are as separate and distinct as if appellant had sold the drug to different parties on the dates mentioned.

The sale referred to in the third count is the same sale upon which the fifth count is based, but the circumstances under which the sale was made were such as to render the sale illegal for two different reasons, as set forth in and as violative of two separate statutes. In other words, in making one sale appellant violated two separate sections of the law, one of which required the sale to be made in or from the original stamped package, upon which section count three is based, and another section which required the sale to be made in pursuance of a written order of the purchaser upon a blank form issued for that purpose by the Commissioner of Internal Revenue, upon which section the fifth count is based. It cannot be said that the evidence necessary to establish the truth of either of the two counts in controversy would establish the other count, for indeed the opposite is true.

The test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by statute. Morgan v. Devine, 237 U. S. 632, 35 S. Ct. 712, 59 L. Ed. 1153.

That distinct violations of law growing out of the same transaction constitute distinct offenses is fully supported by Burton v. United States, 202 U. S. 344, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Gavieres v. United States, 220 U. S. 338, 31 S. Ct. 421, 55 L. Ed. 489; Ebeling v. Morgan, 237 U. S. 625, 35 S. Ct. 710, 59 L. Ed. 1151; Braden v. United States (C. C. A.) 270 F. 441; and Roark v. United States (C. C. A.) 17 F.(2d) 570, 51 A. L. R. 870. "There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction." Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 254, 71 L. Ed. 505.

In this case the court imposed upon appellant separate punishments (a) for sale of morphine which was not in the original stamped package or from the original stamped package, (b) for selling on another day morphine not in the original stamped package, and (c) for selling morphine without a written order from the purchaser and without using a form for such order issued by the Commissioner of Internal Revenue.

Our attention has been called to the case of Ballerini v. Aderholt (C. C. A.) 44 F.(2d) 352, 353, wherein appellant was charged in one count of the indictment with having sold a narcotic without being registered and without having paid the special tax provided by law; and in the second count with having made the sale without requiring from the purchaser a written order. Upon his plea of guilty the District Court sentenced him on both counts and ordered that the sentences run consecutively. The Circuit Court of Appeals of the Fifth Circuit reversed the District Court and held that there was but one offense, and in so doing it used the following language: "At last it was the sale, and not the failure to register, pay the tax, or secure the written order, that constituted the offense." This we cannot accept as a proper construction of the statute, nor of the Supreme Court decisions, supra. Neither the sale, the failure to register, pay the tax, or secure the written order, in and of itself constitutes a crime; but the sale in conjunction with either the failure to register, pay the tax, or secure the written order does constitute a separate crime as we interpret the statute, and as we think the Supreme Court has interpreted it.

Whether the sentence imposed is unduly severe we are not in position to say accurately. Circumstances not disclosed by the record may justify it, and we cannot disturb the judgment on this account. United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309.

In instructing the jury upon the competency and credibility of appellant as a witness, the court said: "There was a rule at one time that one who had been convicted of a felony was an incompetent witness. That is not the rule now, but he is a competent witness and the jury has a right to take the fact of a former conviction into consideration in determining the degree of credibility they

will accord to him as a witness, and, if you believe him, to act upon his testimony."

Appellant insists that the court erred in instructing the jury as to what was formerly the law. There was no prejudicial error in this, and if there had been the court cured it by withdrawing that part of the instruction from the jury.

Appellant contends that the court erred in permitting the District Attorney, in cross-examination, to ask witness George Blockburger if he had not signed a bond of William Bapple, who is under indictment in this court, charged with violating the Harrison Narcotic Law; and that the court further erred in permitting the district attorney, in cross-examination, to ask appellant if he did not know and associate with William Bapple, with one Walker, and with one Hemstrett, known as Lion Tamer. The court did not abuse its discretion in permitting these questions to be asked and answered, as affecting the credibility of such witnesses.

The question put to George Blockburger was proper for another reason. He had testified that his business was that of real estate broker, and the cross-examination showed that a part of his business was that of going on bonds in criminal cases—not only for Bapple, but for other people. In this respect it related to his direct testimony and was proper.

Appellant further contends that reversible error was committed by the district attorney in his argument to the jury to the effect that most narcotic addicts are pickpockets. This statement was immediately withdrawn by the district attorney, and the court admonished the jury that no one was on trial for being a pickpocket. If there was any error in this remark it was cured.

The district attorney further stated to the jury that "I am an officer of the Government and the Court is an officer of the Government, and we know Ella Rush." Appellant insists that this was error. While the remark was unnecessary, we fail to understand how it could have prejudiced appellant, and the court instructed the jury to disregard it.

We find no error in the record, and the judgment is affirmed.

ALSCHULER, Circuit Judge (dissenting).

The imposition under three counts of one indictment of an aggregate penalty of fifteen years' imprisonment and $6,000 fine, where the maximum penalty for the crime denounced by the statute is five years' imprisonment and $2,000 fine, suggests careful search of the record to see whether such triple maximum is sustainable.

In United States v. Daugherty, 269 U. S. 360, 46 S. Ct. 156, 70 L. Ed. 309, where, as here, there was imposed a penalty of five years' imprisonment under each of three counts charging violation of the Anti-Narcotic Act, it was held that the Court of Appeals was right in denying the contention that the indictment charged but a single crime. From the opinion of the Court of Appeals therein [2 F.(2d) 691] it appears that the first count charged a sale January 4, 1923, to Elmer; the second, January 10 to Entriken; and the third, January 17 to Ellison. The Supreme Court held unsound the contention that each sale proceeded from the same criminal intent and was therefore but a single crime, "because criminal intent is not an element of the crime, and because each count charges a different sale to a different person and on a different day, and if the sales were made as charged they constituted three separate offenses."

But here, accepting at par the evidence for the government, it seems to me but a single crime appears. Witness Ella Rush, herself an addict, was the keystone of the government's case. She had been regularly employed by a federal narcotic agent as a decoy to ferret out persons who were unlawfully selling narcotics. She reported for duty at Springfield and sought out a woman named Walker (a codefendant), representing that she wished to buy morphine. On the night of May 27, 1929, Walker brought appellant to Rush, who, after various pretenses concerning herself, gave appellant $2, requesting him to get her some morphine. He went out and returning a little later brought her the morphine. At the same time she gave him $8 more, requesting him to bring her more of the drug. In a few hours he again returned with about ten grains more; and a little later the same day she gave him $10 for more morphine, which he brought her the day following. She asked him for more, but he evidently had become suspicious and did not bring it, whereupon he was arrested. She also paid Walker $10 for introducing her to appellant, all the funds being supplied by the narcotic agent.

The situation here is decidedly different from that in the Daugherty Case, where the sales were to different persons, and separated by intervals of several days. Here the trans-

actions were between the same parties, and in pursuance of the same definite purpose and plan of the narcotic agent to have this person detected and taken in the act of violating the law. The transactions between appellant and Rush, which are alone the foundation of the charge, show a sort of "continuous performance," Rush supplying him with the government's money, and employing each delivery of the drug as an immediate leverage for inducing him to procure more of the same. There was substantially no interval of time between the receiving of one and the advancing of the money for the next installment.

I do not question the propriety, in proper cases such as this, of resorting to such means for detecting and punishing crime; but if in the detecting process the government sees fit to make an installment affair of it, I do not think the government is in position to say that each installment of such a general operation constitutes a separate crime. The agent conducted the affair with an unbroken continuity, with the motive and plan of adducing proof that this man could and would and did unlawfully procure and sell and deliver narcotic drugs. It was essentially more a buying than a selling transaction. The government procured it to be done. The sectional nature of the transaction was a device of the agent, not of appellant, who would no doubt have been quite as willing to sell the entire quantity at once instead of on the federal agent's "installment plan."

Upon the count which involved the $2 sale appellant was acquitted by the jury. Of the three counts on which he was convicted, counts 3 and 5 involved the very same transaction; count 3 charging that the morphine sold was not in nor from the original stamped package, and count 5 that the sale was not made in pursuance of a written order of Ella Rush and upon a form issued in blank for that purpose by the Commissioner of Internal Revenue. The incriminating acts of appellant under each of these counts are precisely the same—the same sale of the same drug, and all pursuant to the same scheme of having appellant caught in the act of selling the drug which appellee's agent was to buy.

That the "bootlegging" of narcotics is a most reprehensible and dastardly business should have no bearing on whether a single unlawful sale may be twice punished—once because the purchaser supplied no written order, and again because there was no stamp on the package.

I do not think the penalty section of the statute contemplates such double punishment for the same transaction. Section 705, title 26, U. S. C. (26 USCA § 705), provides: "Any person who violates or fails to comply with any of the requirements of sections 211 and 691 to 707 of this title shall, on conviction, be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court." It seems to me this wording implies that any act whereby any one or more of the requirements of the enumerated sections is violated shall subject the offender to the singular penalty which the quoted section specifies. Appellant's one act of selling ten grains of morphine subjected him to the prescribed penalty if in the *sale* he violated or failed to comply with "any of the *requirements*"—whether one or more. The unlawful sale is the essential thing, not the particular reason or reasons because of which the sale is unlawful. If the seller in making it complies with all the statutory requirements he commits no crime; if he fails to comply with all or any of these requirements a crime is committed, for which the penalty fixed in section 705 may be imposed; but to my mind not a cumulative series of such penalties, each predicated on a different one of the quite numerous requirements of the specified sections.

The quoted sentence, from Albrecht v. United States, 273 U. S. 1, 47 S. Ct. 250, 71 L. Ed. 505, is not in my judgment applicable to these facts. There the court held that possessing and selling intoxicating liquors are separate offenses each separately punishable, or, if considered separate steps of a single offense, may be separately penalized without constitutional transgression. There the defendant possessed and he sold, and it was reasoned he might have done either without having done the other. Here he only sold—a criminal act only if any one or more of the statutory requisites for a lawful sale were absent.

The Fifth Circuit Court of Appeals recently considered the identical question in Ballerini v. Aderholt, Warden, 44 F.(2d) 352, reaching the conclusion that two penalties may not be predicated on a single sale of narcotics. The court overruled its prior decision to the contrary (by the same judge and the same judges sitting) announced in Vamvas v. United States (C. C. A.) 13 F. (2d) 347. It is to be hoped that this conflict in decisions of the United States Courts of Appeals for the Fifth and Seventh Circuits may be authoritatively resolved.

I believe that this one "continuous performance," initiated and enacted under the "personal direction" of the government narcotic agent, and financed by the government, represents but a single infraction of the law by appellant, and should have been so treated in sentencing him. But I think that in any event the infliction of consecutive and cumulative penalties under each of counts three and five was unwarranted and erroneous.