### EORI v. ADERHOLD, Warden.

### No. 6218.

Circuit Court of Appeals, Fifth Circuit.

Nov. 20, 1931.

Clint W. Hager, U. S. Atty., and Hal Lindsay, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus.

It appears from the record that appellant was convicted in the Eastern District of New York on an indictment which, briefly stated, charged him: In the first count with unlawfully selling to one Coleman F. Manning a quantity of heroin without having previously registered with the collector of internal revenue and without having paid the special tax prescribed by law; in the second count with selling the same heroin to the same person, but not in pursuance of a written order on a form prescribed by law; and in the third count with unlawfully possessing the same heroin without having registered and without having paid the special tax required by law. He was sentenced to serve four years each on the first and second counts, and three years on the third count, the sentences to run consecutively. The sentences began to run on December 9, 1926, when he was delivered to the warden of the Atlanta penitentiary.

It is evident that there was only one sale, and the first and second counts charged the same offense. Appellant is entitled to be relieved of a sentence of four years on the second count, having served more than four years on the first count [Ballerini v. Aderholt, Warden (C. C. A.) 44 F.(2d) 352], but that did not entitle him to his release when his petition for habeas corpus was presented on January 31, 1931; although it is admitted in the answer that his conduct had been good up to that date. The application was premature, and the judgment must be affirmed.

However, time is now running, and, in view of the fact that this appeal is prosecuted in forma pauperis and appellant is incarcerated, we deem it essential, in the interest of justice, to say that if his good conduct continues appellant will be entitled to be released very shortly. Under the provisions of section 710, title 18, U. S. Code (18 USCA § 710), his good conduct deduction is to be computed on the aggregate of his several sentences. As that equals 7 years, more than 5 years and less than 10 years, he would be entitled to 8 days' deduction for each month, which would make his sentence expire in January, 1932. We assume that, when our conclusions are called to the attention of the warden, appellant will be then released, if his good conduct merits the deductions allowed by law. If that relief is not accorded him, his right is reserved to again apply to the District Court for habeas corpus, without any prejudice arising from the affirmance in this case.

Affirmed.