## WATKINS v. ZERBST, Warden.
### No. 1412.

Circuit Court of Appeals, Tenth Circuit.
Oct. 14, 1936.

Samuel D. Menin, of Denver, Colo., for appellant.

Summerfield S. Alexander, U. S. Atty., and Homer Davis, Asst. U. S. Atty., both of Topeka, Kan., for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

### PER CURIAM.

The trial court denied a petition for a writ of habeas corpus which is bottomed upon the proposition that appellant was convicted of having conspired four times, when in fact, he conspired but once to commit four crimes.

Three indictments charged different substantive offenses growing out of a mail robbery in Chicago. Two indictments each contained a count charging appellant with conspiracy to commit the substantive offenses, and one indictment contained two such conspiracy counts. The appellant was found not guilty of the substantive of-fenses, but guilty of the conspiracies charged. The sentences imposed were:

In case No. 26017, count 2, two years from date of incarceration.

In case No. 26018, count 4, two years to run consecutively with sentence in No. 26017.

In case No. 26020, counts 2 and 3, two years (concurrent) to run consecutively with sentence in No. 26018.

Appellant began serving these sentences December 17, 1932, and with good time allowance—none of which has been for-feited—his term will expire May 19, 1937. He has thus served the sentences imposed in Nos. 26017 and 26018, and is now serv-ing the single sentence imposed on the two counts in No. 26020.

His contention is that he was guilty of but one conspiracy and that he has served the sentence for that. The conspiracies involved in Nos. 26017 and 26018 and in count 2 of No. 26020 were charged as of March 30, 1921. The conspiracy charged in count 3 in No. 26020 was laid as of March 23, 1921. Irrespective of anything else, he is now serving a sentence for a conspiracy hatched on March 23, 1921, which is not the March 30 conspiracy for which he has served a sentence. [1]

In Ballerini v. Aderholt (C.C.A.) 44 F. (2d) 352, and Sprague v. Aderholt (D.C.) 45 F.(2d) 790, the courts were able to say, from the face of the indictments there in-volved, that a single crime was charged in different counts. Even if this case rested upon the counts charging conspiracies formed on the same day with the same as-sociates, we would not be able to say that the proof disclosed but one conspiracy. The counts charged agreements to commit distinct crimes, and it is not inherently im-possible nor improbable that more than one conspiracy was formed in one day. The trial court imposed a single sentence on two of the counts, which may well have been because but one conspiracy was proven in support of two of the counts alleging con-spiracies on March 30. That the trial court did impose two sentences for two conspiracies alleged on the same date is some indication that there was proof in support. The confederates may have con-spired to rob the mails, and later, discov-

---

[1] While we are concerned here with the record alone, it is of interest to note from the statement of facts in Murphy v. Unit-ed States (C.C.A.) 285 F. 801, that there were at least two conspiracies, one of which miscarried; another was conceived later and carried out.

**1000**

ering that they would be guarded, met again and conspired to kill the guard.

It must be remembered that on habeas corpus we cannot inquire whether the proof supports the charge. Norton v. Zerbst (C. C.A.10) 83 F.(2d) 677. If it did not, appellant should have appealed, as did one of his confederates. Murphy v. United States (C.C.A.) 285 F. 801, 815. The different counts charged federal offenses; the court had jurisdiction over the offenses and the appellant; the sentences imposed were authorized by statute. We cannot say, from the indictments, that the same offense was charged in different forms in the several counts. The order appealed from is therefore affirmed.